IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 14, 2001 Session

## TERRY BATES LYNN, ET AL. v. CITY OF JACKSON, TENNESSEE

**Appeal by Permission from the Court of Appeals**
**Circuit Court for the Madison County**
**No. C-99-170      Roy Morgan, Jr., Judge**

---

**No. W1999-01695-SC-R11-CV - Filed December 20, 2001**

---

We granted this appeal to determine whether the trial court and the Court of Appeals erred in dismissing the plaintiffs' wrongful death claim after concluding that the one-year statute of limitations was not tolled during the minority of the decedent's children or during the time the action was pending in federal district court before it was dismissed for lack of jurisdiction. After careful consideration, we affirm the judgments of the trial court and the Court of Appeals. In so holding, we reaffirm Jones v. Black, 539 S.W.2d 123 (Tenn. 1976), in which this Court held that the statute of limitations for a wrongful death claim is not tolled during the minority of the decedent's children. We also reaffirm the well-established rule of Tennessee law that general saving statutes do not apply to extend the time for filing an action under the Tennessee Governmental Tort Liability Act.

**Tenn. R. App. P. 11; Judgments of the Trial Court and the Court of Appeals Affirmed**

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, joined.

Ricky L. Boren, Jackson, Tennessee, for the appellants, John Darryl Bates and Terry Bates Lynn, in her capacity as the Personal Representative of the Estate of Howard Darryl Bates, and as next friend and parent of Steven Todd Bates.

John D. Burleson and Dale Conder, Jr., Jackson, Tennessee, for the appellee, City of Jackson, Tennessee

**OPINION**

## Background

The issue in this appeal is a question of law. The facts are not in dispute, and the allegations of the plaintiff's complaint are taken to be true.[1]  On October 25, 1997, Howard Darryl Bates committed suicide while incarcerated in the Jackson City Jail. Bates had two surviving minor sons, Steven Todd Bates and John Darryl Bates. On October 23, 1998, Terry Bates Lynn, as personal representative of the Estate of Howard Darryl Bates and as next friend and parent (mother) of Steven Todd Bates and John Darryl Bates filed an action in federal district court against the City of Jackson ("City"). The complaint alleged both federal civil rights violations pursuant to 42 U.S.C. § 1983 and a wrongful death claim pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"). See Tenn. Code Ann. §§ 29-20-201 et seq.

On May 3, 1999, the federal district court dismissed the GTLA claim without prejudice, finding that the GTLA grants exclusive jurisdiction to state circuit courts, and alternatively, declining to exercise jurisdiction over the state law claim. Two days later, on May 5, 1999, Lynn, as personal representative and next friend, along with John Darryl Bates, who by then had attained majority, filed a complaint in Circuit Court in Madison County, again alleging a wrongful death claim pursuant to the GTLA. Specifically, the complaint asserted that the City had negligently failed to regularly check the decedent's cell to determine whether he was contemplating suicide.

The City filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6), asserting that the action was time-barred by the twelve-month GTLA statute of limitations. See Tenn. Code Ann. § 29-20-305(b). The plaintiffs opposed the motion to dismiss, arguing that the action was timely because it was filed within one year of John Darryl Bates attaining majority . Alternatively, the plaintiffs asserted that the action was timely because it was filed within one year after the claim was dismissed by the federal court. The trial court granted the motion to dismiss and the Court of Appeals affirmed. We granted the plaintiffs' application for permission to appeal to resolve an apparent split[2] between the Eastern Section and the Western Section of the Court of Appeals as to whether the statute of limitations in wrongful death actions is tolled during the minority of the decedent's children. For the following reasons, we affirm the judgment of the Court of Appeals.


## Tolling: Minority of the Decedent's Children

As stated, the plaintiffs brought this action against the City pursuant to the GTLA, which removes the sovereign immunity of governmental entities under certain limited circumstances. See Doyle v. Frost, 49 S.W.3d 853, 857 (Tenn. 2001). Immunity is removed for injuries "proximately caused by the negligent act or omission of any employee [of the governmental entity] within the scope of his employment." Tenn. Code Ann. § 29-20-205. However, claims brought pursuant to this statute must be brought "within twelve (12) months after the cause of action arises." Tenn. Code

---

[1] Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A., 986 S.W.2d 550, 552 (Tenn. 1999) (stating that a Rule 12.02(6) motion admits the truth of the allegations in the complaint).

[2] See Lockaby v. City of Knoxville, No. 03A01-9606-CV-00297, 1997 WL 129115 (Tenn. Ct. App., Knoxville, March 21, 1997).

Ann. § 29-20-305(b). The parties to this appeal agree that this twelve-month or one-year statute of limitations applies to this action. Further, there is no dispute that the plaintiffs filed this action in state court more than one year after the decedent's death. However, the plaintiffs assert that this action is not time-barred because the statute of limitations was tolled as to the decedent's children since both were minors at the time of his death. The City asserts that the minority of the decedent's children is irrelevant in a wrongful death action because the wrongful death statute in Tennessee merely preserves the cause of action that belonged to the decedent and does not create a new cause of action for beneficiaries, such as the children in this case. To support this argument, the City relies upon a prior decision of this Court, Jones v. Black, 539 S.W.2d 123 (Tenn. 1976).[3]

We begin our analysis with the incapacity statute upon which the plaintiffs rely, Tenn. Code Ann. § 28-1-106, which provides as follows:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

As the plaintiffs correctly point out, this statute is specifically incorporated by the GTLA. See Tenn. Code Ann. § 29-20-104(b) ("Notwithstanding any other provision of law to the contrary, the provisions of T.C.A. § 28-1-106 . . . shall apply in causes of action arising pursuant to [the GTLA].") Given these statutes, the plaintiffs argue that the GTLA one-year statute of limitations is tolled in a wrongful death action until the decedent's children attain majority. The plaintiffs rely upon Lockaby, an unreported decision of the Eastern Section Court of Appeals, in which the appellate court sua sponte reversed a trial court decision dismissing as untimely a wrongful death action against a governmental entity, finding that the statute of limitations had been tolled during the minority of the decedent's child. Lockaby v. City of Knoxville, No. 03A01-9606-CV-00297, 1997 WL 129115 (Tenn. Ct. App., Knoxville, March 21, 1997). We disagree with the plaintiff's assertion and believe that Lockaby was wrongly decided.

As the City points out, this Court in Jones considered whether Tenn. Code Ann. § 28-1-106 tolls the statute of limitations in wrongful death actions during the minority of a decedent's child. The wrongful death action in Jones was brought on behalf of a minor child to recover damages for the wrongful death of her mother, whose death occurred during a Caesarean surgery in connection with the minor child's birth. The suit was filed more than one year following the decedent's death, and the trial court and Court of Appeals held the claim was time-barred by the one-year statute of limitations. Before this Court, the representative of the minor child argued that the action was timely

---

[3]Justice Harbison authored the majority opinion, which was concurred in by Justices Fones and Henry. Justice Brock filed a dissenting opinion, and Justice Cooper did not participate.

because the statute of limitations was tolled during the child's minority. This Court rejected the argument.

Recognizing that the Tennessee wrongful death statute preserves the action the decedent would have had, rather than creating a new cause of action in the surviving beneficiaries, this Court refused to apply Tenn. Code Ann. § 28-1-106 to toll the wrongful death statute of limitations during the minority of the decedent's children. In so holding, this Court stated:

> It is the opinion of the majority of the Court that to now hold that the right of action accrues to the beneficiary, and that the statute of limitations in a death action would depend upon the age or competency of the beneficiary, would be contrary to the basic theory and construction of the wrongful death statutes as laid down in many cases in this state over a long period of time.

Jones, 539 S.W.2d at 124. In so holding, Jones did not break new ground, but instead merely followed prior Tennessee cases considering the issue. See, e.g., Whaley v. Catlett, 103 Tenn. 347, 53 S.W. 131 (1899).

Contrary to the plaintiffs' arguments, the principles underlying the decision in Jones have been recently reaffirmed. In holding that loss of consortium damages are recoverable in wrongful death actions, this Court emphasized that:

> The plain language of Tenn. Code Ann. § 20-5-113 reveals that it may be classified as a survival statute because it preserves whatever cause of action was vested in the victim at the time of death. Jones v. Black, 539 S.W.2d 123 (Tenn. 1976); Milligan v. American Hoist & Derrick Co., 622 F.Supp. 56 59 (W.D. Tenn. 1985). The survival character of the statute is evidenced by the language "the party suing shall have the right to recover [damages] resulting to the deceased from the personal injuries." Thrailkill v. Patterson, 879 S.W.2d 836, 841 (Tenn. 1994). Tennessee courts have declared the purpose of this language is to provide "for the continued existence and passing of the right of action of the deceased, and not for any new, independent cause of action in [survivors]." Whaley v. Catlett, 103 Tenn. 347, 53 S.W. 131, 133 (1899); see also Herrell v. Haney, 207 Tenn. 532, 341 S.W.2d 7, 576 (1960); Memphis St. Ry. Co. v. Cooper, 203 Tenn. 425, 313 S.W.2d 444, 447-48 (1958); Jamison v. Memphis Transit Management Co., 381 F.2d 670, 673 (6th Cir. 1967). Accordingly, Tenn. Code Ann. § 20-5-113 "in theory, preserve[s] the right of action which the deceased himself would have had, and . . . [has] basically been construed as falling within the survival type of wrongful death statutes for over a century" because it continues that cause of action by permitting recovery of damages for the death itself. Jones, 539 S.W.2d at 123-25.

Jordan v. Baptist Three Rivers Hospital, 984 S.W.2d 593, 598 (Tenn. 1999) (emphasis added). Even more recently, in Hill v. City of Germantown, 31 S.W.3d 234 (Tenn. 2000), this Court

emphasized that the wrongful death statute does not create a new cause of action in the beneficiaries and that Jordan merely refined the meaning of the term "pecuniary value" to include loss of consortium damages. Hill, 31 S.W.3d at 240. While this Court in Jordan recognized that the Tennessee wrongful death statute is in reality a hybrid statute, this acknowledgment is not a departure from Jones, as the plaintiffs suggest. To the contrary, both the majority and dissenting opinion in Jones agreed that the Tennessee wrongful death statute provides "for elements of damages consistent with a theory of the survival of the right of the action of the deceased but also allow damages consistent, to some degree, with the creation of a new cause of action in the beneficiaries." Jones, 539 S.W.2d at 124; see also, Jones, 539 S.W.2d at 128 (dissenting opinion) (stating that Tennessee has a hybrid wrongful death statute). Therefore, our statement in Jordan and Hill that the wrongful death statute is a hybrid for purposes of damages is not novel and does not undercut the holding of Jones with respect to the statute of limitations and the incapacity savings statute. Clearly, as the City points out, this Court in Jordan and Hill reaffirmed the fundamental principle underlying the decision in Jones — Tennessee's wrongful death statute does not create a new cause of action for the beneficiaries but instead preserves the right of action of the decedent.

Accordingly, after carefully reviewing the relevant authorities, we conclude that the trial court and the Court of Appeals correctly held that the plaintiffs GTLA action asserting a wrongful death claim is time-barred by the statute of limitations. The minority of the decedent's children does not toll the statute of limitations where the claim asserted is wrongful death. As the plaintiffs point out, this claim, unlike the claim at issue in Jones, was brought pursuant to the GTLA. However, in our view, this fact has no bearing upon our conclusion. As the City correctly asserts, the GTLA merely incorporates and applies the incapacity statute, Tenn. Code Ann. § 28-1-106. Precisely how that statute applies to wrongful death claims was explained by this Court in Jones. The decision in Jones therefore applies to all wrongful death claims, including those brought pursuant to the GTLA. Any prior decisions holding to the contrary, including Lockaby v. City of Knoxville, are hereby expressly overruled.

### Tolling: Pendency of Action in Federal Court

The plaintiffs also argue that the supplemental jurisdiction section of the Judicial Improvement Act of 1990, 28 U.S.C. § 1367, tolled the statute of limitations during the pendency of the action in federal court and for thirty days following dismissal by the federal court. The statute upon which the plaintiffs rely provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

\*     \*     \*

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a) shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367 (emphasis added).  The plaintiffs also rely upon a similar state statute, Tenn. Code Ann. § 28-1-115, which provides:

Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

We agree with the City and the Court of Appeals that neither the federal statute nor Tenn. Code Ann. § 28-1-115 tolls the GTLA statute of limitations.  The doctrine of sovereign immunity has been embraced in Tennessee for over a century and precludes lawsuits against governmental entities unless the governmental entity has consented to be sued.  See, e.g. Doyle, 49 S.W.3d at 857. In fact, the doctrine of sovereign immunity is recognized by the Tennessee Constitution which provides that "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."  Tenn. Const. Art. I, § 17.  The GTLA reaffirms the doctrine and merely removes immunity in certain limited and enumerated circumstances.  See Tenn. Code Ann. § 29-20-201(a); see also Hawks v. City of Westmoreland, 960 S.W.2d 10, 14 (Tenn. 1997). Consistent with this narrowly defined removal of immunity, "any claim for damages must be brought in strict compliance with the terms of [the GTLA]."  Tenn. Code Ann. § 29-20-201(c).  One of the terms of the GTLA which demands strict compliance is the statute of limitations.

Indeed, recognizing this principle, several prior Tennessee cases have emphasized that general savings statutes do not apply to extend the time for bringing claims under the GTLA.  See Automobile Sales Co. v. Johnson, 174 Tenn. 38, 122 S.W.2d 453 (1938) (discussing a predecessor savings statute identical to Tenn. Code Ann. § 28-1-105); Nance v. City of Knoxville, 883 S.W.2d 629 (Tenn. Ct. App. 1994), perm. app. denied (Tenn. Sept. 6, 1994) (discussing Tenn. Code Ann.

§ 28-1-115); Rael v. Montgomery County, 769 S.W.2d 211 (Tenn. Ct. App. 1988) perm. app. denied (Tenn. April 3, 1989) (discussing Tenn. Code Ann. § 28-1-105); Williams v. Memphis Light, Gas, and Water Div., 773 S.W.2d 522 (Tenn. Ct. App. 1988) perm. app. denied (Tenn. April 3, 1989) (discussing Tenn. Code Ann. §28-1-105); see also Doyle, 49 S.W.3d at 859 (discussing prior cases declining to apply general savings statutes to GTLA claims). The rationale of these decisions was explained by this Court in Automobile Sales Co. as follows:

> As has been seen, it is laid down (1) that general statutes do not apply to, or affect, the State, unless they expressly so provide; and, (2) that, even more conclusive here, when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right.

Id. at 49-50, 122 S.W.2d at 458. Accordingly, Tennessee law views the twelve-month limitation period for bringing an action under the GTLA as a condition precedent which must be met. If suit is not filed within the statutory period, both the right and the remedy is extinguished. Clearly, then, the general rule in Tennessee is that savings statutes may not be applied to extend the period within which an action must be filed under the GTLA. See Nance, 883 S.W.2d at 631-32; Rael, 769 S.W.2d at 213-14; Williams, 773 S.W.2d at 523.

In our view, this rule is consistent with the overall structure of the GTLA. Moreover, it applies with even more force when the savings statute relied upon was not enacted by the Tennessee General Assembly – the only legislative body vested with the constitutional power to direct the manner in which suits may be brought against the State. Accordingly, we conclude that the trial court and the Court of Appeals correctly found that the plaintiffs' claim is time-barred by the one-year GTLA statute of limitations.

### Conclusion

Having concluded that the one-year GTLA statute of limitations was not tolled during the minority of the decedent's children nor during the pendency of the action in federal court, we affirm the judgments of the trial court and the Court of Appeals dismissing the plaintiff's complaint as time-barred. Costs of this appeal are taxed to the plaintiffs, for which execution may issue if necessary.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE