Charles Bryan **FARMER**

v.

**TENNESSEE DEPARTMENT OF SAFETY.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Feb. 6, 2007 Session.

Feb. 27, 2007.

Permission to Appeal Denied by
Supreme Court June 25, 2007.

Michael E. Moore, Acting Attorney General and Reporter, and William J. Marett, Jr., Nashville, Tennessee, for the appellant, Tennessee Department of Safety.

Arthur F. Knight, III, Knoxville, Tennessee, for the appellee, Charles Bryan Farmer.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Charles Bryan Farmer ("Plaintiff") was employed by the Tennessee Highway Patrol for twenty-two years when his employment was terminated in May of 2004. Plaintiff filed suit in federal district court asserting various federal causes of action. Plaintiff also asserted a claim pursuant to the Tennessee Public Protection Act (the "PPA"), Tenn.Code Ann. § 50–1–304. Plaintiff sued several defendants including the State of Tennessee, Department of Safety (the "State"). The State filed a motion to dismiss the state law PPA claim on the basis that the filing of that claim in federal court violated the Eleventh Amendment to the United States Constitution. The State later agreed to Plaintiff's voluntary dismissal without prejudice of

the PPA claim. Plaintiff later refiled his PPA claim but this time in state court. The State filed a motion to dismiss claiming the one-year statute of limitation on the PPA claim had run. Plaintiff argued his PPA lawsuit was "saved" by application of the saving statutes, Tenn.Code Ann. §§ 28–1–105 and/or 28–1–115. Plaintiff also claimed that by agreeing to a dismissal without prejudice of the PPA claim, the State effectively waived any right to claim the saving statutes did not "save" Plaintiff's PPA claim. The Trial Court concluded that the State had waived its right to claim the saving statutes did not apply to save Plaintiff's claim. We reverse the judgment of the Trial Court and dismiss this case.

### Background

Plaintiff was employed formerly as a Lieutenant with the Tennessee Highway Patrol. Plaintiff claims he was illegally demoted and transferred, and that shortly thereafter his employment was terminated illegally in May of 2004. Plaintiff had been employed by the State for twenty-two years when his employment was terminated.

On February 10, 2005, Plaintiff filed a complaint against the State and numerous other defendants in the United States District Court for the Eastern District of Tennessee, claiming he was demoted, transferred, and then terminated in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiff also claimed that his Fifth and Fourteenth Amendment due process rights were violated. Plaintiff further alleged a violation of the Tennessee Public Protection Act, Tenn.Code Ann. § 50–1–304. The crux of Plaintiff's complaint was that he allegedly suffered negative employment consequences for exercising his First Amendment rights. More specifically, Plaintiff, a republican, claims

all of the negative employment actions taken against him were in retaliation for his publicly supporting the republican candidate for Governor in 2002. Plaintiff sought compensatory and punitive damages in the combined amount of $25 million, plus an award of attorney fees.

The State filed a motion for partial dismissal in federal court seeking dismissal of the state law PPA claim on the basis that the filing of that claim in federal court violated the Eleventh Amendment which bars suing a state for a state law claim in federal court without the state's consent. Plaintiff's counsel apparently discerned that the State's motion had some merit. The State's attorney sent to Plaintiff's attorney a proposed agreed order dismissing with prejudice the PPA claim against the State. Plaintiff's attorney refused to sign the proposed order unless it stated that the PPA claim against the State was being dismissed without prejudice. The State's attorney agreed to change the wording of the agreed order and the parties then submitted an agreed order to the federal district court which, as relevant to this appeal, provides as follows:

> The Court having been advised, as evidenced by the signatures of counsel hereto, that … Plaintiff … agrees to dismiss the claim under Tenn.Code Ann. § 50–1–304 … against [the] Tennessee Department of Safety without prejudice.

The agreed order was signed by the federal district court judge on May 10, 2005.

Nine months after the state law PPA claim was dismissed without prejudice by the federal district court, Plaintiff refiled his PPA claim on February 10, 2006, in the Knox County Chancery Court. The State answered the complaint and asserted as a defense that the PPA claim was "barred by the applicable statute of limitations and should be dismissed." The State later filed a motion to dismiss stating:

Defendant Tennessee Department of Safety moves the Court, pursuant to Tennessee Rules of Civil Procedure 12.02(6), to dismiss this action in its entirety for failure to state a claim upon which relief can be granted. This action is predicated upon Tenn.Code Ann. § 50–1–304 which bears a statute of limitation of one year. Plaintiff's Complaint alleged that he was terminated from his employment effective May 24, 2004. This action was filed in this Court on February 10, 2006 after a dismissal without prejudice in Federal Court. The savings statutes, Tenn.Code Ann. § 28–1–105 and § 28–1–115 do not extend to claims against the State. Therefore, as this lawsuit was not filed within one year of the accrual of the claim, this action must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff responded to the motion to dismiss by claiming that the saving statutes did apply to the State "in this situation" and the State had, nevertheless, waived any right to claim the saving statutes were inapplicable to save Plaintiff's PPA claim. In support of Plaintiff's opposition to the State's motion, Plaintiff's counsel filed an affidavit stating, in relevant part, as follows:

On February 10, 2005, I filed a Complaint in U.S. District Court .... One of the claims in the federal court lawsuit was a claim predicated upon the Tennessee whistleblower statute, T.C.A. § 50–1–304 *et seq*. The claim was attached to the federal court Complaint pursuant to the supplemental jurisdiction, 28 U.S.C. § 1367 ....

Defendant Tennessee Department of Safety ... filed a motion for partial dismissal of the claims brought pursuant to T.C.A. § 50–1–304. ... [The] Department of Safety asserted Eleventh Amendment immunity from Plaintiff's state [law] action. In other words, the Department of Safety argued in its motion for partial dismissal that the claim against it should have been brought in state court. ...

The Tennessee Attorney General's Office represented the Tennessee Department of Safety in the federal court lawsuit. In that capacity, Assistant Attorney General Leslie Bridges forwarded to the undersigned a proposed order dismissing the Complaint ... [against] the Department of Safety. ... Plaintiff's counsel did not agree to dismiss the department of safety. However, in lieu of filing a formal response, the undersigned made changes to the proposed Order allowing the dismissal of the department of safety to be without prejudice and thereby saving it for a subsequent state court filing. Otherwise, the claim would not have been voluntarily dismissed by Plaintiff's counsel. ...

Assistant Attorney General Leslie Bridges agreed to the changes proposed by Plaintiff's counsel, and the same was executed by both counsel and the U.S. District Judge. ...

The undersigned instituted the instant case in the Chancery Court for Knox County, Tennessee within a year after the dismissal of Plaintiff's whistleblower claim against the Tennessee Department of Safety in federal court without prejudice. The department of safety is now being represented by a different Assistant Attorney General, William Marett. Mr. Marett filed a motion to dismiss Plaintiff's claim under the whistleblower statute on the grounds that the claim is barred by the statute of limitations and that the savings statutes which are normally applicable in these situations are

not applicable to the State of Tennessee or any of its agencies.

Following a hearing, the Trial Court entered an order stating that, "as a matter of equity," the actions of the State in agreeing to the dismissal without prejudice of the PPA claim effectively waived the State's right to claim later that the saving statutes were inapplicable. The Trial Court then concluded that because "the current lawsuit was filed within one year of the agreed voluntary dismissal without prejudice in Federal Court on May [10], 2005, it was timely filed in this Court on February 10, 2006." The Trial Court then granted the State's request for a Tenn. R.App. P. 9 interlocutory appeal which we, in turn, granted.

The issues on appeal are whether the saving statutes, Tenn.Code Ann. §§ 28–1–105 and 28–1–115 generally apply "in this situation" to save Plaintiff's PPA claim and, if not, whether the State by agreeing to a dismissal without prejudice of the PPA claim in federal court waived its right to claim the saving statutes do not apply.

### Discussion

Since matters outside the pleadings were considered by the Trial Court when resolving the State's motion to dismiss, we will treat the State's motion as a motion for summary judgment in accordance with Tenn. R. Civ. P. 12.02.[1] *See Smith Mechanical Contractors, Inc. v. Premier Hotel Development Group,* 210 S.W.3d 557, 562–63 (Tenn.Ct.App.2006). In *Teter v. Republic Parking System, Inc.,* 181 S.W.3d 330 (Tenn.2005), our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. The Court stated:

The purpose of summary judgment is to resolve controlling issues of law rather than to find facts or resolve disputed issues of fact. *Bellamy v. Fed. Express Corp.,* 749 S.W.2d 31, 33 (Tenn.1988). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993). In reviewing the record, the appellate court must view all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn.2000). And because this inquiry involves a question of law only, the standard of review is de novo with no presumption of correctness attached to the trial court's conclusions. *See Mooney v. Sneed,* 30 S.W.3d 304, 306 (Tenn.2000); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn.1995).

*Teter,* 181 S.W.3d at 337.

The relevant statutory provisions are Tenn.Code Ann. §§ 28–1–105 (2000) and 28–1–115 (2000), which provide, in relevant part, as follows:

**28–1–105. New Action after adverse decision** ....(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judg-

---

1. In relevant part, Rule 12.02 provides that if, "on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

ment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. ...

**28–1–115. Dismissed federal court actions.**—Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

In *Webster v. Board of Regents,* 902 S.W.2d 412 (Tenn.Ct.App.1995), this Court decided whether §§ 28–1–105 and 28–1–115 applied to "save" the plaintiff's Tennessee Human Rights Act claim brought against the State. We concluded that neither § 28–1–105 nor § 28–1–115 applied to actions brought against the State. We stated:

> We are of the opinion that sovereign immunity bars application of Tennessee Code Annotated section 28–1–105 to actions against the State. ...

> There is no mention of the State in the savings statute. This court in *Brown v. State,* 783 S.W.2d 567 (Tenn. App.1989), held that the application of the savings statute did not extend to claims against the State because the State had not waived sovereign immunity under the statute. *Id.* at 571, 572. The instant lawsuit was properly dismissed by the trial court because it was not filed within one year of the accrual of the claim and further because the savings statute does not apply.

The Constitution of Tennessee, Article I, Section 17 provides: "Suits may be brought against the State in such manner and in such courts as the legislature may by law direct." This provision has been interpreted to provide that suits against the State of Tennessee can only be brought in strict compliance with an enabling statute. *Chumbley v. State,* 183 Tenn. 467, 470, 192 S.W.2d 1007, 1008 (1946); *Stokes v. University of Tennessee,* 737 S.W.2d 545, 546 (Tenn. App.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *Woolsey v. Hunt,* 932 F.2d 555, 564 (6th Cir.), *cert. denied,* 502 U.S. 867, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991).

The State of Tennessee is immune from any lawsuit brought under state law unless the lawsuit is authorized by an act of the General Assembly. There is no statute that specifically authorizes suits to be "saved" against the State.

"The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." *Jones v. The L & N R.R.,* 617 S.W.2d 164, 170 (Tenn. App.1981).

Plaintiff's third issue is: "Whether T.C.A. 28–1–115 applies to this action."

This is an alternative argument of plaintiff in which he maintains that Tennessee Code Annotated section 28–1–115 should save the instant action. This statute does not apply against the State of Tennessee for the reasons that Tennessee Code Annotated section 28–1–105 does not apply against the State. The State is immune from suit except when it consents to be sued.

*Webster,* 902 S.W.2d at 414–15.

The Tennessee Supreme Court reached a very similar result in *Lynn v. City of Jackson,* 63 S.W.3d 332 (Tenn.2001), when it concluded that the doctrine of sovereign

immunity barred application of the saving statute to a claim brought against a governmental entity pursuant to the Tennessee Governmental Tort Liability Act (the "GTLA"). According to the Supreme Court:

> We agree with the City and the Court of Appeals that neither the federal statute nor Tenn.Code Ann. § 28–1–115 tolls the GTLA statute of limitations. The doctrine of sovereign immunity has been embraced in Tennessee for over a century and precludes lawsuits against governmental entities unless the governmental entity has consented to be sued. *See, e.g. Doyle,* 49 S.W.3d at 857. In fact, the doctrine of sovereign immunity is recognized by the Tennessee Constitution which provides that "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. Art. I, § 17. The GTLA reaffirms the doctrine and merely removes immunity in certain limited and enumerated circumstances. *See* Tenn.Code Ann. § 29–20–201(a); *see also Hawks v. City of Westmoreland,* 960 S.W.2d 10, 14 (Tenn. 1997). Consistent with this narrowly defined removal of immunity, "any claim for damages must be brought in strict compliance with the terms of [the GTLA]." Tenn.Code Ann. § 29–20–201(c). One of the terms of the GTLA which demands strict compliance is the statute of limitations.

\* \* \*

Tennessee law views the twelve-month limitation period for bringing an action under the GTLA as a condition precedent which must be met. If suit is not filed within the statutory period, both the right and the remedy is extinguished. Clearly, then, the general rule in Tennessee is that savings statutes may not be applied to extend the period within which an action must be filed under the GTLA. *See Nance,* 883 S.W.2d at 631–32; *Rael,* 769 S.W.2d at 213–14; *Williams,* 773 S.W.2d at 523.

> In our view, this rule is consistent with the overall structure of the GTLA. Moreover, it applies with even more force when the savings statute relied upon was not enacted by the Tennessee General Assembly-the only legislative body vested with the constitutional power to direct the manner in which suits may be brought against the State.[2] Accordingly, we conclude that the trial court and the Court of Appeals correctly found that the plaintiffs' claim is time-barred by the one-year GTLA statute of limitations.

*Lynn,* 63 S.W.3d at 337–38. *See also Gore v. Dep't of Correction,* 132 S.W.3d 369, 379 (Tenn.Ct.App.2003) ("Tennessee Code Annotated sections 28–1–105 and 28–1–115 do not specifically state that they are applicable to the sovereign State of Tennessee. These statutes have been held to be in derogation of sovereign immunity and [are] not effective to toll any statute of limitations as to the State of Tennessee." (citations omitted)).

■ In light of the foregoing decisions, it is clear that neither Tenn.Code Ann. § 28–1–105 nor § 28–1–115 apply, without more, to "save" Plaintiff's PPA claim against the State. This conclusion leads us to the next issue, which is whether the actions of Assistant Attorney General Bridges effectively waived the State's right to assert that the saving statutes do not apply to save Plaintiff's PPA claim against the State. Plaintiff's argument essentially is that the State's agreeing to his dismissal of the PPA claim without prejudice amounts to an affirmative waiver of any

---

**2.** In *Lynn,* the plaintiff also claimed that 28 U.S.C. § 1367 "saved" the GTLA claim.

102

right to later assert that the saving statutes do not apply. We disagree.

Neither the State nor any other defendant is under any obligation to apprise a plaintiff as to whether a voluntary dismissal without prejudice will negatively impact that plaintiff's ability to refile his or her claim in the future. Our system is called an "adversarial system" for a reason. We emphasize that there is absolutely no allegation that Assistant Attorney General Bridges and Plaintiff's counsel ever actually discussed between themselves the potential impact of Plaintiff voluntarily dismissing the PPA claim then pending in federal court. In other words, there is no claim that Assistant Attorney General Bridges affirmatively told Plaintiff's counsel that if the PPA claim later was refiled, the State would not assert that the saving statutes did not apply. The State argues that even if there had been such acts by Assistant Attorney General Bridges, such actions would have been insufficient to constitute a waiver of the State's sovereign immunity. As there are no such allegations that Assistant Attorney General Bridges did make any such affirmative representations, we need not address that issue in this appeal.

Simply because the State agreed to a dismissal without prejudice of the PPA claim in no way can be deemed as a waiver of any applicable defenses available to the State if that claim later was refiled. Accordingly, we conclude that the Trial Court erred when it denied the State's motion to dismiss. The judgment of the Trial Court is, therefore, reversed, and this case is dismissed.

### Conclusion

The judgment of the Trial Court is reversed and this case is dismissed. This case is remanded to the Trial Court solely for collection of the costs below. Costs on appeal are taxed to the Appellee, Charles Bryan Farmer.