File Name: 10a0715n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-5940

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 17, 2010
LEONARD GREEN, Clerk

DENNIS RAY JOHN MOORE,                    )
                                          )
    Plaintiff-Appellant,              )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR THE
COFFEE COUNTY, TN; COFFEE COUNTY          )   EASTERN DISTRICT OF TENNESSEE
SHERIFF'S DEPARTMENT; SHERIFF             )
STEVE GRAVES,                             )
                                          )
    Defendants-Appellees.             )

Before:  MERRITT, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.  Dennis Moore filed suit in the Coffee County Circuit Court alleging that, during his incarceration, the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment of the United States Constitution and Tennessee negligence law. The defendants removed the case to the United States District Court for the Eastern District of Tennessee and then moved for summary judgment.  Moore failed to respond.  The district court granted the motion, dismissed Moore's federal claims with prejudice, and dismissed without prejudice his remaining state claims.

Moore then filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), requesting—for the first time—that the district court remand the pendent state law claims

rather than dismiss them. Dismissal without prejudice acted as a dismissal with prejudice, he contended, because the expiration of the limitation period foreclosed his refiling. In denying the motion, the district court held that Moore could not avail himself of Rule 59(e) because he failed to alert the court to the remand issue prior to the entry of judgment. Moore now appeals the district court's dismissal of his pendent claims and denial of his Rule 59(e) motion. We affirm.

I.

A. Dismissal of Pendent Claims

Moore articulates his appellate issue in the following way: "After dismissing all of the Appellant's Federal claims . . . the District Court err[ed] in not remanding the remaining State negligence claims to the original State Court from which they were removed." [Appellant's Br. 3.] We review for abuse of discretion a district court's dismissal of pendent state claims. *Dobbs-Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir. 1999). When a district court dismisses all claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any pendent claims. 28 U.S.C. § 1367(c)(3). The court may, in its sound discretion, either dismiss the claims without prejudice, *see Dobbs-Weinstein*, 185 F.3d at 546, or remand them, *see Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000).

Though Moore acknowledges that § 1367(c) authorized the district court to dismiss his pendent claims, he contends that the court abused its discretion here because he could not refile the

dismissed claims in state court due to untimeliness. Moore failed, however, to voice this concern at any point before the court dismissed his claims. He could have moved the court to remand before judgment, but he did not. He could have responded to the defendants' motion for summary judgment, noting his interest in remand, but he did not. Or he could have filed a separate case in state court, but he did not. No abuse of discretion results from a court's failing to anticipate an ancillary—and unvoiced—consequence of its legitimate dismissal.

## B. Denial of Rule 59(e) Motion

Though he fails to raise the issue explicitly, Moore appears to argue that even if the district court properly dismissed his pendent claims, it improperly denied his post-judgment Rule 59(e) motion that explained the statute-of-limitations bar and requested remand. We again review for abuse of discretion, *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999), and the language of Rule 59(e) itself limits its reach. A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice. *Id.* at 834. Moore appears to label his inability-to-refile predicament as a "manifest injustice," lamenting that the statute of limitations expired on the claims, *see* Tenn. Code Ann. § 28-3-104, and that neither the federal nor the Tennessee savings statute—which might have preserved his claims—applies to suits against state or county entities, *see* 28 U.S.C. § 1367(d); Tenn. Code Ann. § 28-1-115.

Unsurprisingly, Moore cites no authority suggesting that a court's dismissal of pendent claims without prejudice—even where the statute of limitations bars the plaintiff from refiling—qualifies as a manifest injustice under Rule 59(e) when the movant neglected to raise the issue before summary judgment. Indeed, this court has long held that "[a] Rule 59(e) motion . . . is not the proper vehicle to raise arguments that should have been made before judgment." *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005).

Even had Moore requested remand prior to judgment, and even if his inability to refile his claims in state court constituted a manifest injustice under Rule 59(e), the federal savings statute guards against such "unjust" dismissals by allowing thirty additional days to refile a state claim. *See* 28 U.S.C. § 1367(d). Though Moore correctly argues sovereign immunity precludes application of this statute to a non-consenting *state* party, the Supreme Court recently clarified that it applies to non-consenting political subdivisions such as counties. *See Jinks v. Richland Cnty.*, 538 U.S. 456, 465–66 (2003).

Relying on three cases, Moore insists, oddly, that Tennessee courts would not follow *Jinks*. Two of these cases, however, preceded *Jinks*, and the other did not concern § 1367(d). *See Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn. 2001) (preceding *Jinks*); *Nance v. City of Knoxville*, 883 S.W.2d 629 (Tenn. Ct. App. 1994) (same); *Farmer v. Tenn. Dep't of Safety*, 228 S.W.3d 96 (Tenn. Ct. App. 2007) (holding *state* savings statutes inapplicable to suits against state). Indeed, federal courts in Tennessee—recognizing that *Jinks* overruled the line of cases Moore cites—apply § 1367(d)

to state negligence claims against counties. *See, e.g.*, *Willis v. Shelby Cnty.*, No. 05-2625, 2007 WL 3231817 (W.D. Tenn. Oct. 30, 2007). Moore thus provides no authority suggesting that the Coffee County Circuit Court would have rejected his claims had he refiled them pursuant to § 1367(d).

II.

Because Moore neglected to request remand prior to judgment, we discern no abuse of discretion in the dismissal of Moore's claims without prejudice or the denial of Moore's Rule 59(e) motion. And though the statute of limitations currently bars Moore from refiling his claims in state court, nothing precluded him from refiling them within thirty days of the district court's dismissal. We affirm.