# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 23, 2015 Session

## JOHN A.W. BRATCHER, CLERK AND MASTER/SPECIAL COMMISSIONER, ET AL. v. BEVERLY M. HUBLER, ET AL.

### Direct Appeal from the Chancery Court for Rutherford County
#### No. 14CV-517    Ben H. Cantrell, Sr. Judge

---

### No. M2015-00060-COA-R9-CV-Filed October 12, 2015

---

This appeal involves a suit to condemn an easement or right-of-way to access landlocked property.  The plaintiff named as defendants all neighboring landowners, including the State of Tennessee and the Town of Smyrna.  The State and the Town filed motions to dismiss, asserting sovereign immunity.  The trial court denied the motions to dismiss but granted the State and the Town permission to seek an interlocutory appeal.  This Court granted the applications for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.  We hold that the State and the Town are entitled to dismissal based on sovereign immunity and therefore reverse and remand for further proceedings.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Chancery Court Reversed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J. and KENNY ARMSTRONG, J., joined.

Herbert H. Slatery, III, Attorney General and Reporter, Andreé S. Blumstein, Solicitor General and Bruce M. Butler, Senior Counsel, for the appellants, State of Tennessee.

Douglas Berry, Nashville, Tennessee, for the appellant, Town of Smyrna, Tennessee.

Darrell L. Scarlett, Murfreesboro, Tennessee, for the appellee, John A.W. Bratcher, Clerk and Master/Special Commissioner.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

This lawsuit was filed on April 10, 2014. According to the complaint, plaintiff John A.W. Bratcher was authorized by order of the chancery court of Rutherford County to file suit for and on behalf of the heirs of Millie Hall in order to condemn an easement to landlocked property pursuant to Tennessee Code Annotated section 54-14-101, et seq. The complaint named the neighboring landowners as defendants, including several private individuals, the State of Tennessee ("State"), and the Town of Smyrna, Tennessee ("Town"). The complaint alleged that the heirs of Ms. Hall own real property that is "cut off or obstructed entirely from a public road or highway by the intervening lands of the Defendants," and they have "no adequate convenient outlet from their lands to a public road[.]" Plaintiff sought to condemn a right-of-way over the lands of some or all of the Defendants equal to the width of a street that would conform with local subdivision regulations, in addition to an additional easement of fifteen feet for the purpose of extending utility lines for electric service, natural gas, water, sewage, telephone and cable television for the enclosed land.

The Town filed an answer and motion for judgment on the pleadings, asserting that it was immune from suit under the principles of sovereign immunity absent an express authorization from the legislature. The Town insisted that Tennessee Code Annotated section 54-14-101, et seq., did not expressly authorize suits for easements across the property of governmental entities. The State also filed a motion to dismiss on the basis of sovereign immunity, claiming that nothing in the statutory scheme for private condemnation waived the State's immunity from suit.

Following a hearing, the trial court denied the motions to dismiss. However, the court granted permission for the Town and the State to seek an interlocutory appeal on the following issue: "Whether either the State of Tennessee or a local governmental entity like the Town of Smyrna are subject to being sued under the provisions of T.C.A. §§ 54-14-102 to 118 or are immune from such action under principles of sovereign immunity?" We granted the applications filed by the State and the Town in order to consider the issue.

## II. DISCUSSION

The doctrine of sovereign immunity has been part of the common law of Tennessee for well over a century and provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997) (citing *Lucius v. City of*

*Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996)). The doctrine originated in feudal notions of the divine right of kings, as the king "'was at the very pinnacle of the power structure and was answerable to no court[.]'" *Id.* (quoting *Cooper v. Rutherford County*, 531 S.W.2d 783, 786 (Tenn. 1975) (Henry, J., dissenting)). The longstanding rule of sovereign immunity is embodied in the Tennessee Constitution, which provides, "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const., Art. I, § 17. In addition, Tennessee Code Annotated section 20-13-102(a) provides, "No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state . . . with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed[.]" In the context of sovereign immunity, "'[t]he State' includes 'the departments, commissions, boards, institutions *and municipalities* of the State.'" *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting *Metro. Gov't of Nashville & Davidson County v. Allen*, 220 Tenn. 222, 415 S.W.2d 632, 635 (Tenn. 1967)) (emphasis added).

"Under both the common law doctrine and the constitutional provision, 'governmental entities may prescribe the terms and conditions under which they consent to be sued, . . . including when, in what forum, and in what manner suit may be brought.'" *Sneed v. City of Red Bank, Tenn.*, 459 S.W.3d 17, 23 (Tenn. 2014) (quoting *Cruse v. City of Columbia*, 922 S.W.2d 492, 495 (Tenn. 1996)). Our state constitution specifically empowers the legislature – not the judiciary – to waive the protections of sovereign immunity. *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011); *Mullins v. State*, 320 S.W.3d 273, 283 (Tenn. 2010). "The General Assembly undoubtedly has control over the 'manner . . . and courts' in which suits against governmental entities may be pursued." *Estate of Bell v. Shelby Cnty. Health Care Corp.*, 318 S.W.3d 823, 837 (Tenn. 2010).

The "traditional construction" of Tennessee's constitutional provision regarding sovereign immunity "is that suits cannot be brought against the State unless *explicitly authorized* by statute." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 849 (Tenn. 2008) (emphasis added). In other words, "'legislation authorizing suits against the state must provide for the state's consent in 'plain, clear, and unmistakable' terms." *Mullins*, 320 S.W.3d at 283 (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 731 (Tenn. 2000)). Courts will not find a waiver of sovereign immunity "'unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation.'" *Davidson*, 227 S.W.3d at 19 (quoting *Scates v. Bd. of Comm'rs of Union City*, 265 S.W.2d 563, 565 (Tenn. 1954)).

"In determining whether the General Assembly intended to waive sovereign immunity for a claim against the State of Tennessee . . . , our primary focus must remain on the actual words chosen and enacted by the legislature." *Mullins*, 320 S.W.3d at 283.

Here, the State and Town point to the general language of Tennessee Code Annotated section 54-14-101(a)(1), which refers to "persons" but does not mention the State:

> When the lands of any person are surrounded or enclosed by the lands of *any other person or persons* who refuse to allow to the person a private road to pass to or from the person's lands, it is the duty of the county court, on petition of any person whose land is surrounded, to appoint a jury of view, who shall, on oath, view the premises, and lay off and mark a road through the land of *the person or persons refusing*, in a manner as to do the least possible injury to those *persons* . . . .

Tenn. Code Ann. § 54-14-101(a)(1) (emphasis added). Also, Tennessee Code Annotated section 54-14-102(a) vaguely speaks in terms of condemning an easement or right-of-way over "the intervening lands of another." In response, Plaintiff relies on the language of Tennessee Code Annotated section 54-14-103, which provides, in pertinent part:

> (a) The person or persons desiring to secure an easement or right-of-way may file their petition in the county where any of the lands affected by the proceedings lie:
> (1) Making all parties owning or interested in any or interested in any way in the lands, or property to be affected by the easement or right-of-way parties defendant to the proceedings; provided, that, if one of the parcels surrounding the land is owned by the federal government, the petitioner is not required to make the federal government, or any agency or instrumentality of the federal government, a party defendant to the petition for easement or right-of-way when the portion of land or property desired for the easement or right-of-way filed by the petitioner is over lands or property not owned by the federal government, or any agency or instrumentality of the federal government[.]

Plaintiff interprets this section to mean that the statute applies to the federal government and requires that the federal government be made a party to the lawsuit under some circumstances. According to Plaintiff, the "clear implication" is that a right-of-way or easement may be condemned across property belonging to the federal government. From this conclusion, Plaintiff then infers that suit may be brought against the State as well. Plaintiff reasons, "If a right-of-way may be condemned across [property of] the federal government, certainly it may be condemned across [property of] the State or a political subdivision of the State."

We express no opinion regarding Plaintiff's theory as it relates to suits against the

federal government.[1]  The issue before us is whether such a suit is permitted against the State of Tennessee or the Town of Smyrna.  We conclude that it is not.  The flaw in Plaintiff's reasoning is that a "waiver of sovereign immunity must be explicit, not implicit."  *Colonial Pipeline Co.*, 263 S.W.3d at 853; *see also Whitmore v. Shelby Cnty. Gov't*, No. W2010-01890-COA-R3-CV, 2011 WL 3558285, at *3 (Tenn. Ct. App. Aug. 15, 2011) ("Courts will not find an implicit waiver of sovereign immunity; any waiver must be explicit.")  The legislature's "'waiver of sovereign immunity must be clear and unmistakable.'"  *Mullins*, 320 S.W.3d at 279 (quoting *Northland Ins. Co.*, 33 S.W.3d at 730).  The statutory scheme on which Plaintiff relies does not contain an explicit waiver of sovereign immunity "clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation" against the State of Tennessee or its municipalities.  *See Davidson*, 227 S.W.3d at 19.  "'[G]eneral statutes do not apply to, or affect, the State, unless they expressly so provide[.]'"  *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001) (quoting *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 49-50, 122 S.W.2d 453, 458 (1938)).  Therefore, the State and Town were entitled to dismissal of the claims asserted against them pursuant to Tennessee Code Annotated section 54-14-101, et seq.

### III. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby reversed and remanded for further proceedings.  Costs of this appeal are taxed to the appellee, John A.W. Bratcher, clerk and master/special commissioner on behalf of the heirs of Millie Hall, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[1] The portion of the statute specifically addressing the federal government was added by amendment in 2008.  2008 Tenn. Laws Pub. Ch. 1082 (H.B. 2509).  In the State's brief on appeal, it contends that Tennessee Code Annotated section 54-14-103(a)(1) "cannot be construed as authorizing a suit against the federal government" because only Congress may waive the protections of the Supremacy Clause and authorize state laws to apply to federal entities.  It is not necessary to resolve this issue for purposes of this appeal.