FILED
04/03/2017
Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2017

## JERRY CLARK v. METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY

**Appeal from the Chancery Court for Davidson County**
**No. 14-1614-IV      Russell T. Perkins, Chancellor**

_____

**No. M2016-01014-COA-R3-CV**

_____

The trial court dismissed the plaintiff's complaint as untimely, in part, due to its determination that the general savings statute, Tenn. Code Ann. § 28-1-105, did not apply. We affirm the decision of the trial court and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Jerry Clark, Dunlap, Tennessee, Pro se.

J. Brooks Fox and Catherine J. Pham, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### MEMORANDUM OPINION[1]

### Background and Procedural History[2]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The basic background facts herein are largely taken from the plaintiff's complaint. Because this case was dismissed following a motion to dismiss, we presume the factual allegations to be true at this stage of

The plaintiff in this case, Jerry Clark, was formerly employed by the Metropolitan Government of Nashville and Davidson County ("Metro") as a correctional officer. On October 4, 2012, Mr. Clark was injured by another Metro officer during a training exercise. According to Mr. Clark, his fellow officer "battered" him during the subject training. Following the October 4 incident, Mr. Clark notified his supervisors of his injury, sought medical treatment, and filed a criminal complaint against the officer who had injured him.

Metro subsequently conducted an investigation into Mr. Clark's allegations, and on October 31, 2012, it submitted a memorandum regarding its findings. In pertinent part, Metro concluded that Mr. Clark's allegations were unfounded. Following a disciplinary panel's recommendation that Mr. Clark be terminated for "dishonesty," Metro terminated his employment on December 26, 2012.

Although Mr. Clark filed suit against Metro on June 24, 2013 as a result of his termination, he took a voluntary nonsuit in November 2013. Less than a year later, on November 18, 2014, Mr. Clark re-filed his complaint against Metro, asserting claims for violation of the Tennessee Public Protection Act and common law retaliatory discharge.[3] The re-filed complaint, which is the operative pleading at issue in this appeal, contains a specific recital that it was filed pursuant to the Tennessee savings statute codified at Tennessee Code Annotated section 28-1-105(a).

---

the proceedings. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (citation omitted) ("In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.").

[3] The complaint includes three separate counts. Count 1 asserts a violation of Tennessee Code Annotated section 50-1-304(b), which prohibits an employee from being terminated "solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). Count 2 was brought pursuant to Tennessee Code Annotated section 50-1-801. We note that Tennessee Code Annotated section 50-1-801 "does not in itself provide a cause of action." *Swanson v. Summit Med. Grp., PLLC*, No. 3:14-CV-39-TAV-HBG, 2014 WL 2208948, at *3 (E.D. Tenn. May 28, 2014). Rather, that statute supplies a burden of proof relevant to wrongful discharge claims. *See* Tenn. Code Ann. § 50-1-801. Count 3 asserts a claim for common law retaliatory discharge. Although our discussion herein affirms dismissal of the asserted claims on the basis that the savings statute does not apply, we note that Mr. Clark's request for relief against Metro under Count 3 is misguided. Indeed, a "common-law retaliatory discharge claim is available only to private-sector employees." *Williams v. City of Burns*, 465 S.W.3d 96, 110 (Tenn. 2015). Although not relevant to this appeal, we further note that for causes of action accruing on or after July 1, 2014, a retaliatory discharge claim under the common law is no longer available to plaintiffs who assert a claim cognizable under Tennessee Code Annotated section 50-1-304. *See id.* at 110 n.11 ("Effective July 1, 2014, the TPPA was amended to specifically 'abrogate[] and supersede[] the common law with respect to any claim that could have been brought under this section.'" (quoting Tenn. Code Ann. § 50-1-304(g))).

On November 25, 2015, Metro filed a motion to dismiss Mr. Clark's complaint for failure to state a claim upon which relief can be granted. Metro's motion contended that Mr. Clark's claims were time-barred for two reasons. First, Metro argued that the savings statute did not apply with respect to governmental entities. Second, Metro argued that because no process had issued in Mr. Clark's lawsuit and over a year had passed since the commencement of the action, Mr. Clark could not rely upon the original commencement of the lawsuit to toll the running of the statute of limitations. The trial court agreed with Metro's arguments and subsequently dismissed the case. Although Mr. Clark later filed a motion to alter or amend, the trial court denied his request for relief. This appeal then followed.

**Discussion**

In this litigation, Mr. Clark's claims are subject to a one-year limitation period. *See Gibson-Holmes v. Fifth Third Bank*, 661 F.Supp.2d 905, 912 (M.D. Tenn. 2009) (citing *Farmer v. Tenn. Dep't of Safety*, 228 S.W.3d 96, 98 (Tenn. Ct. App. 2007) (noting that claims for retaliatory discharge under the Tennessee Public Protection Act must be brought within one year of discharge from employment)); *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) (noting that a claim for retaliatory discharge is a tort action which must be commenced within one year after the cause of action accrued). Absent application of the savings statute in Tennessee Code Annotated section 28-1-105, it is therefore clear that Mr. Clark's lawsuit would be time-barred. Indeed, his claims are predicated on an alleged wrongful termination that took place in December 2012,[4] and yet, his lawsuit was not filed until November 18, 2014, nearly a year after the expiration of the statute of limitations.

The central issue on appeal is thus whether the savings statute can be applied to Mr. Clark's claims. Whereas Mr. Clark answers this question in the affirmative, Metro argues that the savings statute cannot apply. We agree with Metro that Tennessee Code Annotated section 28-1-105 is unavailable to "save" Mr. Clark's claims. Mr. Clark's reliance on that statute is misplaced because application of the statute would run afoul of the doctrine of sovereign immunity.

"The doctrine of sovereign immunity has been part of the common law of Tennessee for well over a century and provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued." *Bratcher v. Hubler*, 508 S.W.3d 206, 208 (Tenn. Ct. App. 2015) (citation omitted). The doctrine is embodied in our State Constitution, which provides that "'[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct.'"

---

[4] Although Mr. Clark's appellate brief contains some argument suggesting that Metro continued to commit wrongful actions post-termination so as to extend the commencement period for his lawsuit, we observe that no such allegations are a part of his complaint.

*Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M1997-00226-COA-R3-CV, 2000 WL 1231377, at *1 (Tenn. Ct. App. Aug. 31, 2000) (quoting Tenn. Const. art. 1, §17). Pursuant to the doctrine, "statutes limiting the manner and time for bringing actions against the State or a local government must be strictly enforced." *Id.* at *2. In fact, "general savings statutes cannot apply to suits against the State or a local government, unless the statute specifically states that it applies to governmental, as well as private, defendants." *Id.* (citations omitted).

As Metro has pointed out in its brief on appeal, there are several Tennessee decisions holding that Tennessee Code Annotated section 28-1-105 does not apply to "save" claims against governmental entities. In general, the decisions on this topic "instruct that, where a statute authorizing a suit against the State or another governmental entity includes, or is subject to, a statute of limitations, the Legislature has consented to the waiver of immunity for that statutory period alone and no longer time." *Sneed v. City of Red Bank, Tenn.*, 459 S.W.3d 17, 29 (Tenn. 2014) (citations omitted). Indeed, case law illustrates that "general saving statutes do not apply to suits against . . . governmental entities unless the statute waiving sovereign immunity expressly permits their application." *Id.* at 28 (citations omitted). In *Farmer v. Tennessee Department of Safety*, 228 S.W.3d 96 (Tenn. Ct. App. 2007), we specifically addressed the issue of whether the doctrine of sovereign immunity prevented the application of the savings statute to a plaintiff's claim under the Tennessee Public Protection Act. We concluded that it did. *See id.* at 101 ("[I]t is clear that neither Tenn. Code Ann. § 28-1-105 nor § 28-1-115 apply . . . to 'save' Plaintiff's PPA claim[.]") In view of this precedent, we hold that the savings statute is unavailable to allow the maintenance of Mr. Clark's lawsuit against Metro. The trial court's dismissal of the complaint was therefore justified.

In addition to stating that the complaint was untimely due to the inapplicability of the savings statute, the trial court observed that process was never issued or served. Mr. Clark has not challenged the trial court's finding with respect to this matter, and there is nothing in the record controverting the trial court's determination that process never issued. Consequently, even assuming that the savings statute was somehow available to Mr. Clark, the trial court did not err in dismissing the case. At the time the trial court's order of dismissal was entered, over a year had elapsed from the filing of the complaint without any issuance of process. Under Rule 3 of the Tennessee Rules of Civil Procedure, "[i]f process remains unissued for 90 days or is not served within 90 days from issuance . . . the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint." Tenn. R. Civ. P. 3.

- 4 -

**Conclusion**

For the foregoing reasons, we affirm the dismissal of Mr. Clark's lawsuit. Costs of this appeal are assessed against the Appellant, Jerry Clark, for which execution may issue if necessary. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE