# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 23, 2007 Session

## MARTHA SMITH, ET AL. V. GREG BROOKS, ET AL.

**Appeal from the Circuit Court for Polk County**
**No. CV-06-085      John B. Hagler, Judge**

---

**No. E2007-00372- COA-R3-CV  - FILED JANUARY 30, 2008**

---

In 2005, Martha Smith and her husband, Brian D. Smith, filed suit ("the First Lawsuit") in the trial court against four individuals and the Polk County Board of Education ("PCBE"). Each of the four counts in the complaint includes an allegation that defendants Greg Brooks, Tracy McAbee, and Grady Samples "were acting in their official capacity while engaging in their illegal and tortious activity and . . . these defendants . . . are duly elected members of PCBE." An order of voluntary nonsuit without prejudice was entered in the First Lawsuit as to PCBE and all of the individual defendants except a non-board member, Shane Wooten.[1] In 2006, the plaintiffs again filed suit ("the Second Lawsuit"). The "illegal and tortious activity" alleged in the Second Lawsuit is identical to that alleged in the First Lawsuit. The Second Lawsuit names Brooks, McAbee, and Samples ("the defendants") as the sole defendants. They are sued as individuals and not as members of PCBE. The defendants filed a motion to dismiss – citing Tenn. R. Civ. P. 12.02(6) – asserting that the Second Lawsuit had been filed outside the period of the applicable statute of limitations. The trial court agreed and dismissed the Second Lawsuit. The plaintiffs appeal, relying upon Tenn. Code Ann. § 28-1-105(a) (2000), a part of the so-called Tennessee saving statute. We hold that, under the facts of this case, the saving statute is not available to the plaintiffs to preserve their causes of action against the defendants in their individual capacities. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

J. D. Lee and Travis E. Venable, Knoxville, Tennessee, for the appellants, Martha Smith and Brian D. Smith.

Peggy L. Tolson, Brentwood, Tennessee, for the appellees, Greg Brooks, Tracy McAbee, and Grady Samples.

---

[1]The briefs indicate that the First Lawsuit against Wooten is still pending.

**OPINION**

I.

The First Lawsuit was filed on June 13, 2005. In a "Preliminary Statement" at the beginning of the complaint, the plaintiffs alleged as follows:

> The gravamen of Plaintiffs' complaint is that upon information and belief, Defendants Greg Brooks . . . , Tracy McAbee . . . , Grady Samples . . . , duly elected members of the Polk County Board of Education . . . , and Shane Wooten . . . , a resident of Polk County and friend of McAbee, conspired with each other and possibly others to deprive Martha Smith of her teaching position with PCBE by spreading patently false and malicious rumors about her to various members of PCBE, its employees, and members of the community at large, thereby creating a hostile work environment, which exacerbated Martha Smith's pre-existing mental disability, resulting in her being unable to continue her employment. It is further alleged upon information and belief that it was the desire of Brooks, McAbee, and Samples that their illegal, conspiratorial, malicious, intentional, outrageous, and depraved actions would effectuate the resignation of Martha Smith's father, Tom Hunt . . . , from PCBE because, they believed, his daughter's mental breakdown would cause him to dedicate all his time and resources to helping her.

(Paragraph numbering in original omitted). The "Causes of Action" in the complaint were labeled thusly:

> COUNT I – Tennessee Governmental Tort Liability Act Pursuant to T.C.A. § 29-20-101/Tennessee Common Law – Outrageous Conduct/Intentional Infliction of Emotional Distress.
>
> COUNT II – Tennessee Governmental Tort Liability Act Pursuant to T.C.A. § 29-20-101/Tennessee Common Law – Defamation/ Slander/Libel/False Light
>
> COUNT III – Tennessee Governmental Tort Liability Act Pursuant to T.C.A. § 29-20-101/Tennessee Common Law – Civil Conspiracy
>
> COUNT IV – Assault – Tennessee Common Law

(Capitalization in original omitted). In Count I, the plaintiffs specifically alleged – in order to justify their suit against PCBE – that the defendants were "acting in their official capacity while engaging in their illegal and tortious activity." That allegation is found in Count I of the complaint in the First Lawsuit. That specific allegation was incorporated, by reference, into Counts II, III, and IV. All of the defendants were named as actors in Count I, II, and III. Count IV only named the defendant Samples.

On July 14, 2005, a notice of voluntary dismissal "without prejudice" was filed by the plaintiffs as to the defendants and PCBE. An order of voluntary dismissal was entered as to the same parties on March 16, 2006. On July 6, 2006, the plaintiffs filed the Second Lawsuit naming Brooks, McAbee, and Samples as the sole defendants. The complaint in the Second Lawsuit alleges that the defendants are being sued in their individual capacities. It is undisputed that the "illegal and tortious activity" alleged in the Second Lawsuit occurred more than one year prior to its filing.

The defendants filed a motion to dismiss, asserting, as their basis, Tenn. R. Civ. P. 12.02(6). They claimed that the Second Lawsuit was subject to dismissal because it was filed outside the period of limitations set forth in Tenn. Code Ann. § 29-20-305(b) (2000),[2] a part of the Tennessee Governmental Tort Liability Act ("the GTLA").

The trial court dismissed the Second Lawsuit, finding that the first lawsuit named the defendants in their official capacities; that the saving statute, Tenn. Code Ann. § 28-1-105(a), does not apply to suits filed under the GTLA; and that the Second Lawsuit is different from the First Lawsuit in that the latter is a suit against the defendants in their individual capacities while the First Lawsuit was against them in their official capacities.

This appeal followed.

## II.

The sole issue raised by the plaintiffs – as taken verbatim from their brief – is an follows:

> Whether trial court incorrectly granted a dismissal in favor of Defendants/Appellees, Greg Brooks, Tracy McAbee and Grady Samples, as they were sued in their individual capacity, not in their employment capacity, and as such does the savings statute therefore apply allowing Plaintiffs/Appellants, Martha Smith and husband Brian D. Smith, to re-file their complaint after voluntarily dismissing said Defendants/Appellees without prejudice.

---

[2]Tenn. Code Ann. § 29-20-305(b) provides as follows:

The action must be commenced within twelve (12) months after the cause of action arises.

The plaintiffs argue only one point in support of their issue. They vigorously assert that they can rely upon the saving statute because, according to them, the defendants were not sued in the First Lawsuit as members of PCBE but rather as individuals totally unrelated to their board membership. Thus, they argue, this case is not controlled by the well-established principle that the saving statute "do[es] not apply to extend the time for bringing claims under the GTLA." *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001).

We cannot agree with the plaintiffs' assertion disavowing the notion that the defendants were sued in the First Lawsuit because of acts committed by them in their official capacities as members of PCBE. Their own allegations belie this assertion.

In the first paragraph of the complaint in the First Lawsuit, the plaintiffs identify the defendants as "duly elected members of the Polk County Board of Education." In the same paragraph, they allege that the defendants "conspired with each other [and others] to deprive [the plaintiff] Martha Smith of her teaching position with PCBE." According to the complaint, the goal of the defendants was to "effectuate the resignation of Martha Smith's father, Tom Hunt . . . , from PCBE." The plaintiffs further allege that

> it was the defendants' intent that the resignation of Hunt would shift
> the political affiliation of the board, resulting in the termination of Dr.
> William Wade ("Wade"), the director of the Polk County Schools,
> and in the hiring of [the defendant] McAbee as Wade's replacement.

As can be seen, the plaintiffs allege that the defendants, three board members, conspired to force the resignation of a teacher employed by the PCBE and to ultimately change the composition of PCBE so as to facilitate the ascension of one of the defendants – Tracy McAbee – to the position of director of Polk County Schools. In addition to all of this is the following allegation found in each of the four counts of the complaint filed in the First Lawsuit:

> PCBE is liable for these tortious actions because Brooks, McAbee
> and Samples were acting in their official capacity while engaging in
> their illegal and tortious activity and because these defendants are not
> employees of PCBE; rather, they are duly elected members of PCBE.

Furthermore, the complaint in the First Lawsuit is devoid of any specific allegation suggesting that the defendants were being sued in their individual capacities as opposed to, or in addition to, their official capacities.

The Second Lawsuit was filed outside the one-year statute of limitations. It is not "saved" by Tenn. Code Ann. § 28-1-105(a). The plaintiffs' sole issue is found to be without merit.

III.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants Martha Smith and Brian D. Smith. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____

CHARLES D. SUSANO, JR., JUDGE