# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 10, 2014 Session

## SHERRY HARPER v. BRADLEY COUNTY, TENNESSEE

**Interlocutory Appeal from the Circuit Court for Bradley County**
**No. V-13-161     Lawrence H. Puckett, Judge**

_____

### No. E2014-00107-COA-R9-CV-FILED-OCTOBER 30, 2014

_____

The issue presented on this appeal is whether a plaintiff who brings a health care liability action against a governmental entity under the Governmental Tort Liability Act ("the GTLA") is entitled to the 120-day extension of the statute of limitations provided by Tenn. Code Ann. § 29-26-121(c)(Supp. 2014) under the current version of the Health Care Liability Act ("the HCLA"). This inquiry focuses on the effect of the 2011 amendment to the HCLA that expressly includes "claims against the state or a political subdivision thereof" within the definition of "health care liability action." Applying the principles set forth by the Supreme Court in *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41 (Tenn. 2013), we hold that the 2011 amendment demonstrates a clear intent on the part of the General Assembly to allow the GTLA's one-year statute of limitations to be extended by 120 days in cases where a plaintiff satisfies the requirements of the HCLA. We affirm the judgment of the trial court denying defendant Bradley County's motion to dismiss.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission;**
**Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Thomas E. LeQuire and Michael A. Kent, Chattanooga, Tennessee, for the appellant, Bradley County, Tennessee.

Jimmy W. Bilbo and Brent McIntosh, Cleveland, Tennessee, for the appellee, Sherry Harper, Individually and as Surviving Spouse of Brian Harper, deceased.

# OPINION

## I.

Sherry Harper ("plaintiff") filed this action on February 28, 2012, alleging that employees of the Bradley County Emergency Medical Services, a department of Bradley County ("defendant"), negligently caused or contributed to the death of her husband Brian Harper. Shortly after midnight on November 1, 2011, the emergency medical service providers responded to a 911 call from plaintiff reporting that her husband was showing signs of a heart attack. He died from the heart attack early that same morning. Plaintiff alleged in her complaint that the medical responders negligently failed to provide Brian Harper appropriate and reasonable medical care.

Defendant filed a motion to dismiss, contending that the complaint was not timely filed within the GTLA's one-year statute of limitations. Tenn. Code Ann. § 29-20-305(b) (2012). Plaintiff responded that the limitations period was extended by the application of Tenn. Code Ann. § 29-26-121(c), which provides that "[w]hen [pre-lawsuit] notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." The trial court agreed with plaintiff and denied defendant's motion. It later granted defendant's motion for an interlocutory appeal pursuant to Tenn. R. App. P. 9. We did likewise.

## II.

As we stated in our order granting interlocutory review:

> The issue on appeal shall be the question that was left unresolved in *Cunningham v. Williamson County Hosp. Dist.*, 405 S.W.3d 41, 46 n. 2 (Tenn. 2013), namely, whether the 2011 amendment to the definition of "health care liability action" set forth in Tennessee Code Annotated 29-26-101(a), which amendment became effective on October 1, 2011, clearly expresses a legislative intent to extend the statute of limitations in GTLA cases meeting the new 2011 definition of "health care liability action."

The issue involves construction and interpretation of the HCLA and GTLA, and thus presents a question of law that we review de novo. *Lipscomb v. Doe*, 32 S.W.3d 840, 843-44 (Tenn. 2000). As the High Court observed in *Cunningham*,

This Court reviews issues of statutory construction de novo with no presumption of correctness given to the lower court decisions. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012). We must determine the legislature's intent and purpose by reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). When the language of a statute is clear and unambiguous, courts will not look beyond the plain language of the statute to determine its meaning. *Lee Med.*, 312 S.W.3d at 527.

* * *

In construing the statutes at issue in this case, we must presume that the General Assembly intended each word in a statute to have a specific purpose and meaning. *State v. Hawk*, 170 S.W.3d 547, 551 (Tenn. 2005). We also presume that the General Assembly was aware of the state of the law when the statutes were enacted and that it did not intend to enact a useless statute. *Lee Med.*, 312 S.W.3d at 527.

405 S.W.3d at 43, 44.

III.

In *Cunningham*, the Supreme Court addressed the same "extension of 120 days" issue under the pre-2011 amendment, concluding that,

by choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations.

*Id.* at 46. In reaching this conclusion, the Court reasoned as follows:

Although the 2009 amendment to the Medical Malpractice Act [now the Health Care Liability Act] "applies to all medical malpractice actions," this language does not reference the applicability of the Medical Malpractice Act to actions governed by the GTLA.

-3-

*Id.* at 45.  However, in footnote 2, the ***Cunningham*** Court stated:

> The General Assembly amended the Medical Malpractice Act in 2011 to modify the definition of "health care liability action" to include "claims against the state or a political subdivision thereof."  Act of May 20, 2011, ch. 510, § 8, 2011 Tenn. Pub. Acts. 510, 1506 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)). . . .  Because the 2011 amendment is not at issue in this case, we will await a more appropriate case in which to determine whether the language of the 2011 amendment clearly expresses a legislative intent to extend the statute of limitations in GTLA cases.

*Id.* at 45-46.  In the present case, plaintiff's cause of action accrued after October 1, 2011, the date on which the 2011 amendment became effective.  This is the "more appropriate case."

The Supreme Court's discussion and analysis regarding "the interplay between the GTLA and Tenn. Code Ann. § 29-26-121" in ***Cunningham***, *id.* at 43, is applicable and instructive with respect to the present action.  We therefore quote ***Cunningham*** extensively in order to establish the pertinent legal and analytical framework for this case:

> The GTLA provides general immunity to governmental entities causing injury to an individual during the exercise or discharge of their duties.  Tenn. Code Ann. § 29-20-201(a) (2012).  Immunity is removed, however, when injuries are caused by the negligence of government employees acting within the scope of their employment.  Tenn. Code Ann. § 29-20-205 (2012).  Because waiver of immunity is in derogation of the common law, any claim for damages brought under the GTLA must be "in strict compliance with the terms" of the statute.  Tenn. Code Ann. § 29-20-201(c); ***Doyle v. Frost***, 49 S.W.3d 853, 858 (Tenn. 2001).  Accordingly, the GTLA statute of limitations, which provides that suits against a governmental entity "must be commenced within twelve (12) months after the cause of action arises," requires strict compliance.  Tenn. Code Ann. § 29-20-305(b).

The second statute at issue in this case is Tennessee Code Annotated section 29-26-121, which is part of the Tennessee Medical Malpractice Review Board and Claims Act ("Medical Malpractice Act").[1] Tenn. Code. Ann. §§ 29-26-115 to -122 (2000 & Supp. 2010). Section 121(a) requires any person asserting a potential medical malpractice claim to provide notice to each health care provider at least sixty days before filing a complaint. Tenn. Code Ann. § 29-26-121(a). When the sixty-day notice is provided, the "applicable statutes of limitations and repose shall be extended [120 days] from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Tenn. Code Ann. § 29-26-121(c).

\* \* \*

The GTLA and Tennessee Code Annotated section 29-26-121 both address the time period during which claims must be filed. The GTLA requires suits against governmental entities "be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). Tennessee Code Annotated section 29-26-121, however, provides in pertinent part:

> (a) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

---

[1]As *Cunningham* observed, "[i]n 2012, Tenn. Code Ann. §§ 29-26-115 to -122 and section -202 of the Medical Malpractice Act were amended to replace "medical malpractice" with "health care liability." 405 S.W.3d at 43 n.1. *Cunningham* used the terms "medical malpractice" and "Medical Malpractice Act" because those terms were "used in the statutes at the time." *Id.* The current terms, as mandated by the legislature, are "health care liability" and "Health Care Liability Act." *See* 2011 Tenn. Pub. Acts Ch. 510, section 9 ("The code commission is requested to delete the terms 'malpractice,' 'medical malpractice,' 'malpractice action,' and 'medical malpractice action' wherever they appear in the Tennessee Code Annotated and substitute instead the term 'health care liability' or 'health care liability action' as applicable.").

> > . . . .
> >
> > (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . . In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider.
>
> The 2009 amendment to the Medical Malpractice Act extends the "applicable statute[ ] of limitations" 120 days as long as pre-suit notice is provided to the potential defendants sixty days before the filing of the complaint. Tenn. Code Ann. § 29-26-121(c). This 2009 amendment applies "to notice given on or after July 1, 2009, in all medical malpractice actions." Act of June 4, 2009, ch. 425, § 4, 2009 Tenn. Pub. Acts 472, 475. We must determine if this language is sufficient to apply to Mr. and Mrs. Cunningham's medical malpractice claim brought under the GTLA.

*Id.* at 43-44 (footnote in original omitted; footnote 1 added).

After setting forth this framework, the ***Cunningham*** Court reviewed its earlier opinions that "previously examined asserted conflicts between provisions of the GTLA and other rules or statutes of general application," *id.* at 44, stating as follows:

> In ***Lucius v. City of Memphis***, 925 S.W.2d 522, 526 (Tenn. 1996), we examined a statute governing post-judgment interest and held that this statute of general application did not preclude the assessment of post-judgment interest against governmental entities subject to the GTLA. Because the GTLA did not address post-judgment interest, the post-judgment interest statute did not conflict with specific provisions of the GTLA, its structure, purpose, or intent. ***Lucius***, 925 S.W.2d at 526.

Similarly, in ***Doyle v. Frost***, we held that the GTLA statute of limitations did not preclude the application of Tennessee Rule of Civil Procedure 15.03, which allows the addition of a party to relate back to the original filing date after the statute of limitations has run. ***Doyle***, 49 S.W.3d at 858. . . . We concluded that Rule 15.03 did not conflict with the statute of limitations provision of the GTLA or "compromise the protections afforded by" the GTLA statute of limitations. ***Id***. at 860.

In other cases, we have held that if statutes of general application that conflict with a provision of the GTLA are sought to be applied to GTLA cases, the intent of the General Assembly must be expressly stated in the text of the statutory provision. *See* ***Lynn v. City of Jackson***, 63 S.W.3d 332, 337 (Tenn. 2001)(citing ***Auto. Sales Co. v. Johnson***, 174 Tenn. 38, 122 S.W.2d 453, 455-56 (1938)). In ***Lynn v. City of Jackson***, we declared a general savings statute inapplicable to GTLA claims because the general savings statute did not contain specific language requiring an extension of the GTLA statute of limitations. ***Lynn***, 63 S.W.3d at 337. In the absence of specific statutory language permitting extension of the GTLA statute of limitations, we have held that statutory provisions inconsistent with the GTLA may not extend the applicable statute of limitations period. *See* ***Lynn***, 63 S.W.3d at 337 (citing ***Auto. Sales Co.***, 122 S.W.2d at 455-56).

Tennessee Code Annotated section 29-26-121(c) contains language similar to the statutory provision at issue in ***Lynn v. Jackson***. . . . [In ***Lynn***, w]e held that "the general rule in Tennessee is that savings statutes may not be applied to extend the period within which an action must be filed under the GTLA." ***Lynn***, 63 S.W.3d at 337.

Like the general statutory provision in ***Lynn***, section 29-26-121(c) is inconsistent with the statute of limitations provided by the GTLA and therefore must expressly state the legislature's intent to apply the provision to cases brought under the GTLA. Although the 2009 amendment to the Medical Malpractice Act "applies to all medical malpractice actions," *this language does not reference the applicability of the Medical Malpractice Act*

*to actions governed by the GTLA*. The language of section 29-26-121(c) fails to evince an express legislative intent to extend the statute of limitations in GTLA cases.

We must presume that the General Assembly was aware of our prior decisions at the time it enacted the 2008 and 2009 amendments to the Medical Malpractice Act. *See Lee Med.*, 312 S.W.3d at 526. In light of this presumption, it is reasonable to conclude that by choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations.

*Id.* at 44-46 (footnote in original omitted; emphasis added).

The General Assembly enacted the 2011 amendment as part of the Tennessee Civil Justice Act of 2011. *See* 2011 Tenn. Pub. Acts Ch. 510. Section 8 of that act, codified at Tenn. Code Ann. § 29-26-101, provides as follows in pertinent part:

(1) "Health care liability action" means any civil action, *including claims against the state or a political subdivision thereof*, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based;

(2) "Health care provider" means:

\*       \*       \*

(D) *The employee of a health care provider* involved in the provision of health care services, *including, but not limited to*, physicians, nurses, licensed practical nurses, advance practice nurses, physician assistants, nursing technicians, pharmacy technicians, orderlies, certified nursing assistants, technicians and *those physicians and nurses employed by a governmental health facility*[.]

(Emphasis added.) This section, for the first time, expressly brings governmental entities, including "a political subdivision" of the state, within the ambit of the HCLA. Prior to this,

it was unclear whether the 2008 and 2009 amendments to the Medical Malpractice Act, establishing, among other things, the pre-suit notice and certificate of good faith requirements, applied to GTLA actions. The ***Cunningham*** Court emphasized that "the 2009 amendment . . . does not reference the applicability of the Medical Malpractice Act to actions governed by the GTLA." 405 S.W.3d at 45. The Supreme Court also observed that one of the Cunninghams' contentions "presume[d] that the sixty-day notice is required in GTLA cases" and further stated that "[n]either party has addressed the issue of the applicability of the sixty-day notice requirement in cases governed by the GTLA. . . . [W]e have not previously addressed whether the sixty-day pre-suit notice is required in GTLA cases." ***Id.*** at 46, n.3; *see also **Sneed v. City of Red Bank***, No. E2012-02112-COA-R9-CV, 2013 WL 3326133 at *4 (Tenn. Ct. App. E.S., filed June 27, 2013), *perm. app. granted*,[2] Nov. 13, 2013 ("Prior to 2011, the General Assembly had not created a private right of action against governmental entities for medical malpractice. Plaintiffs filing medical malpractice claims against governmental entities looked to the TMMA for guidance but filed his or her claim pursuant to one of the four GTLA negligence categories.").[3]

The 2011 amendment expressly clarifies that governmental entities are included as "health care providers" and that "health care liability actions" governed by the HCLA include claims against "the state or a political subdivision thereof." While it does not mention the GTLA, the language employed by the legislature clearly expresses that GTLA defendants are within the ambit of the HCLA. One such provision is the 60-day pre-suit notice requirement. Tenn. Code Ann. § 29-26-121. Section 121(a)(1) requires pre-suit notice "to each health care provider that will be a defendant." Section 121(c) provides that "[w]hen notice is given to a provider as provided in this section, *the applicable statutes of limitations* and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose *applicable to that provider*." (Emphasis added). The Supreme Court has recently stated that "[c]learly, the General Assembly enacted the 120-day extension to offset the obligation to give pre-suit notice at least 60 days prior to filing a complaint." ***Rajvongs v. Wright***, 432 S.W.3d 808, 813-14 (Tenn. 2013).

---

[2]***Sneed*** was argued before the Supreme Court on September 4, 2014.

[3]Defendant relies upon ***Sneed*** to support its position in this case. ***Sneed*** is distinguishable, for in that case we held that "[*i*]*n the absence of an express provision to the contrary*, . . . the GTLA applies to claims brought against a municipality pursuant to the THRA [Tennessee Human Rights Act]," 2013 WL 3326133 at *4. (Emphasis added.) We observed that the THRA "is silent" with respect to a possible conflict with the GTLA. *Id*. In the present case, we find an express provision manifesting an intention to apply the 120-day extension to the GTLA statute of limitations. Ergo, the legislature has not been silent on the dispositive issue before us.

The Court of Appeals' decision in ***Daniel v. Hardin Cnty. Gen'l Hosp.***, 971 S.W.2d 21 (Tenn. Ct. App. 1997), and the General Assembly's legislative response to that decision, is instructive in the present case. In ***Daniel***, we addressed "whether the twelve month limitation for bringing suit against a governmental entity pursuant to [the GTLA] can be extended by T.C.A. § 20-1-119," the comparative fault statute. 971 S.W.2d at 24. We answered in the negative, noting that "[t]he legislature could have made T.C.A. § 20-1-119 applicable to the []GTLA, however, it has chosen not to do so." ***Id.*** at 25. The General Assembly subsequently amended Tenn. Code Ann. § 20-1-119 to include subsection (g), which provides that "[n]otwithstanding any law to the contrary, this section applies to suits involving governmental entities." The Supreme Court later recognized that this language was sufficient to evince an intent to extend the GTLA's 12-month statute of limitations in appropriate comparative fault cases, stating as follows:

> More directly applicable are the intermediate court's holdings concerning the comparative fault joinder provision, Tenn. Code Ann. § 20-1-119 (1999). This statute applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, after the statute of limitations has expired, that a nonparty caused or contributed to the plaintiff's injury. The statute provides:
>
> > [I]f the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either: "(1) Amend the complaint . . . pursuant to Rule 15 . . . ; or (2) Institute a separate action against that person...."
>
> Tenn. Code Ann. § 20-1-119(a). In ***Daniel v. Hardin County Gen. Hosp***., the Court of Appeals concluded that the GTLA precluded application of this joinder provision to governmental entities because doing so effectively would extend the twelve-month statute of limitations period. 971 S.W.2d 21, 25 (Tenn. Ct. App. 1997). In so holding, the court noted that the statute appeared to evince a legislative intent not to allow joinder of governmental entities, noting, "The legislature could have made [Tenn. Code Ann.] § 20-1-119 applicable to the

-10-

[GTLA], however, it has chosen not to do so." *Id.* In the wake of *Daniel*, however, the legislature has amended the joinder statute to explicitly provide that "[n]otwithstanding any provision of law to the contrary, this section applies to suits involving governmental entities." Tenn. Code Ann. § 20-1-119(g) (amendment effective June 15, 1999). Given the legislature's reaction to *Daniel*, we find reference to the analysis of that case unpersuasive. To the contrary, the legislature's amendment of the joinder statute supports the proposition that governmental entities should be treated, for the purposes of Rule 15.03, like any other party.

*Doyle v. Frost*, 49 S.W.3d 853, 860 (Tenn. 2001). The General Assembly's amendment to the comparative fault joinder statute, Tenn. Code Ann. § 20-1-119, did not specifically refer to either the GTLA or its 12-month statute of limitations. The same is true with respect to the language in the 2011 amendment at issue here. Both amendments explicitly make reference to governmental entities, clarifying that a statutory scheme is applicable to a governmental entity – a potential GTLA defendant. The Supreme Court's recognition in *Doyle* that the legislature's response to *Daniel* was sufficient to allow enlargement of the GTLA statute of limitations in comparative fault situations thus supports our conclusion that the legislature evinced a similar intent here.

We hold that the 2011 amendment, now codified at Tenn. Code Ann. § 29-26-101, clearly expresses a legislative intent to extend the statute of limitations in GTLA cases where the plaintiff has met the procedural requirements of the HCLA. This construction comports with notions of fundamental fairness and justice, and also with the Supreme Court's often-repeated "established view that disfavors the doctrine of sovereign immunity as applied to local governments." *Lucius*, 925 S.W.2d at 526; *see also* *Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 605-06 (Tenn. 1987), *abrogated on other grounds by* *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 83 (Tenn. 2001), (stating that the Court "does not regard with favor the doctrine of sovereign immunity as applied to municipal or county governments"); *Johnson v. Oman Constr. Co.*, 519 S.W.2d 782, 786 (Tenn. 1975) ("This Court does not regard with favor the doctrine of sovereign immunity as applied to municipal or county governments.").

IV.

The trial court's judgment is affirmed. Costs on appeal are assessed to the appellant, Bradley County, Tennessee. This case is remanded to the trial court, pursuant to applicable law, for further proceedings.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE