IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2014 Session

## ERICA WADE, ET AL. V. JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, ET AL.

Appeal from the Circuit Court for Madison County
No. C1332     Roy B. Morgan, Jr., Judge

No. W2014-01103-COA-R3-CV - Filed January 27, 2015

The trial court granted summary judgment to the defendant medical providers on the basis that the plaintiffs' health care liability complaint was filed after the expiration of the Governmental Tort Liability Act statute of limitations. Because we conclude that, under Tennessee Code Annotated Section 29-26-121(c), plaintiffs were entitled to a 120-day extension on the applicable statute of limitations, we reverse and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Louis P. Chiozza, Jr., Memphis, Tennessee and Steven R. Walker, Oakland, Tennessee, for the appellants, Erica Wade and Peggy Fly.

Patrick W. Rogers, Jackson, Tennessee, for the appellee, Jackson-Madison County General Hospital District.

Marty R. Phillips and Craig P. Sanders, Jackson, Tennessee, for the appellee, Armie Walker, M.D.

### OPINION

### Background

On October 11, 2011, Plaintiff/Appellant Erica Wade ("the child") was admitted to

Jackson Madison County General Hospital, owned by the Defendant/Appellee Jackson-Madison County General Hospital District, to undergo a total abdominal hysterectomy. The procedure was performed by Defendant/Appellant Armie Walker, M.D, an employee of Jackson-Madison County General Hospital District. The child experienced persistent pain after the operation, and another procedure was performed by Dr. Walker for exploratory purposes on October 17, 2011. Although it was later revealed that the child suffered from a colonic perforation, allegedly caused by the total abdominal hysterectomy, Dr. Walker did not discover the perforation during the exploratory procedure. The child was later discharged from the hospital, despite the fact that the child's medical records show that an abscess was found during the exploratory procedure. Over a month later, on November 29, 2011, the child was transferred to Vanderbilt University Hospital, where she was diagnosed with an untreated perforation. The child underwent additional surgery in an attempt to correct the perforation on December 1, 2011.

On February 6, 2013, the child and Plaintiff/Appellant Peggy Fly ("Mother," and together with the child "Appellants"), individually and as attorney-in-fact for the child, filed a complaint for damages against the Defendants West Tennessee Healthcare Jackson-Madison County General Hospital District ("Jackson-Madison County Health Care District"), West Tennessee Healthcare Network, Bolivar General Hospital, Inc., West Tennessee Healthcare OBGYN Services, Jackson Madison County General Hospital (collectively, "Defendant entities"), and Dr. Walker (together with Jackson-Madison County General Hospital District, "Appellees"). The complaint was accompanied by a certificate of good faith pursuant to Tennessee Code Annotated Section 29-26-122. The complaint alleged that Dr. Walker breached the standard of care in treating the child by failing to detect that the child suffered from a colorectal perforation after surgery was performed on the child by Dr. Walker. According to the complaint, Dr. Walker's failure to timely diagnose and treat the child "is the source of continuous deterioration" of the child, including numerous complications, some of which are life-threatening. The complaint also alleged that the named entities were vicariously liable for Dr. Walker's negligence and that Jackson-Madison County General Hospital District was independently negligent in allowing a surgery to be performed on the child at its hospital when it was not properly equipped to perform such a surgery. The complaint further alleged that timely notice of the potential claim had been sent to the Appellees prior to the lawsuit so that the applicable one-year statute of limitations had been extended through operation of Tennessee Code Annotated Section 29-26-121(c) (2012).

The Defendant entities and Dr. Walker answered the complaint on March 18, 2013 and March 22, 2013, respectively. Both answers asserted that the case was governed by the Tennessee Governmental Tort Liability Act ("GTLA"), denied the material allegations contained therein, and raised the affirmative defense of the expiration of the one-year GTLA

statute of limitations.[1] On April 2, 2013, Dr. Walker petitioned the trial court for a qualified protective order pursuant to Tennessee Code Annotated Section 29-26-121(f) in order to interview the child's other treating physicians *ex parte*. On May 7, 2013, Appellants filed an amended certificate of good faith to correct a minor clerical error. The parties thereafter engaged in discovery.[2] The trial court granted Dr. Walker's motion for a qualified protective order on November 20, 2013.

On March 27, 2014, Dr. Walker filed a motion for summary judgment, arguing that Appellants' claim was barred by the GTLA statute of limitations. Dr. Walker asserted that the case was controlled by the recent Tennessee Supreme Court case of ***Cunningham v. Williamson County Hospital District***, 405 S.W.3d 41 (Tenn. 2013), which held that the GTLA statute of limitations was not extended through compliance with Tennessee Code Annotated Section 29-26-121. Dr. Walker's motion was accompanied by a memorandum of law, a statement of undisputed facts, and the affidavit of Jackson-Madison County General Hospital District's General Counsel. The Defendant entities filed a similar motion on April 1, 2014. The Appellants filed a response to both motions on April 11, 2014, arguing that the GTLA statute of limitations was extended by 120 days based on compliance with the notice requirements of Tennessee Code Annotated Section 29-26-121. Specifically, Appellants argued that Tennessee Code Annotated Section 29-26-121 was amended in October 2011 to state that the statute of limitations was extended by 120 days even in claims governed by the GTLA. Dr. Walker filed a reply on April 24, 2014, arguing that: (1) the amendment did not apply to the case because parts of the amendment were passed after the treatment at issue and the initiation of the lawsuit; and (2) even if the amendment applied, it did not constitute a clear directive that the GTLA statute of limitations should be extended through compliance with the notice provisions of Tennessee Code Annotated Section 29-26-121. On April 28, 2014, the Defendant entities filed a reply expressly incorporating the argument set forth by Dr. Walker.

The trial court held a hearing on the pending summary judgment motions on May 5, 2014. At the outset of the hearing, the parties agreed that summary judgment should be granted to all of the Defendant entities except Jackson-Madison County General Hospital

---

[1] The GTLA statute of limitations, Tennessee Code Annotated Section 29-20-305(b), provides that an action arising under the GTLA "must be commenced within twelve (12) months after the cause of action arises."

[2] Although the record in this case is not voluminous, it contains materials specifically excluded by Rule 24 of the Tennessee Rules of Appellate Procedure, specifically documents relating to discovery. We take this opportunity to, once again, point out that parties should make every effort to cull from the record on appeal any documents either specifically excluded by the rules or clearly unnecessary to this Court's review.

District. Accordingly, an order was entered the same day granting summary judgment to all parties other than Dr. Walker and Jackson-Madison County General Hospital District. At the conclusion of the hearing, the trial court ruled that it would grant summary judgment in favor of both Dr. Walker and Jackson-Madison County General Hospital District. Specifically, the court held that *Cunningham*, rather than the amended statute, was controlling, and as such, the GTLA statute of limitations was not extended through compliance with Tennessee Code Annotated Section 29-26-121. Because Appellants' complaint was filed more than one-year from the date of the allegedly negligent treatment, the trial court ruled that it was barred by the applicable statute of limitations. The trial court entered an order granting summary judgment to Dr. Walker and Jackson-Madison County General Hospital District on May 21, 2014. Appellants timely appealed.

## Issues Presented

Appellants raise one issue on appeal: Whether the trial court erred in concluding that Appellants were not entitled to the benefit of the 120-day extension provided in Tennessee Code Annotated Section 29-26-121(c), and in granting summary judgment to the Appellees.

## Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 816, 622 (Tenn. 1997). This Court must make a fresh determination that all the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Abshure v. Methodist-Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Further, according to the Tennessee General Assembly:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the

nonmoving party's claim.

Tenn. Code. Ann. § 20-16-101 (effective on claims filed after July 1, 2011).

## Analysis

This case involves a single issue: whether the trial court correctly concluded that the Appellants were not entitled to a 120-day extension on the GTLA statute of limitations through their compliance with the notice provisions of Tennessee Code Annotated Section 29-26-121. As must be true in all summary judgment cases, the material facts are not in dispute. The child received the treatment alleged to have caused her injuries on October 11, 2011. Per the GTLA statute of limitations, her claim must have been filed within one year of the date of treatment. Her claim was not filed within one-year, but instead was filed on February 6, 2013. Prior to filing, however, Appellants sent pre-suit notice of their claim to the Appellees pursuant to Tennessee Code Annotated Section 29-26-121. Tennessee Code Annotated Section 29-26-121(c) provides that: "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." If the 120-day extension provided in Tennessee Code Annotated Section 29-26-121(c) applies to Appellants' complaint, the complaint was timely filed and the trial court erred in granting summary judgment to Appellees. If, however, the 120-day extension does not apply to Appellants' complaint, the complaint was filed after the expiration of the applicable statute of limitations and summary judgment was appropriate. The dispositive question, then, is whether the 120-day extension applies to the Appellants' complaint pursuant to the GTLA.

Because this issue requires us to interpret a statute, we review the trial court's decision de novo with no presumption of correctness. We must determine the legislature's intent and purpose by reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). When the language of a statute is clear and unambiguous, courts will not look beyond the plain language of the statute to determine its meaning. *Lee Med.*, 312 S.W.3d at 527.

The Tennessee Supreme Court recently considered this question with regard to a complaint filed in 2010 in *Cunningham v. Williamson County Hospital District*, 405 S.W.3d 41 (Tenn. 2013). In *Cunningham*, the plaintiffs claimed that the negligence of a county hospital and its employees resulted in their son's death. After giving presuit notice of their claim, the plaintiffs filed a medical malpractice lawsuit, approximately fifteen months after the allegedly negligent treatment. *Id.* at 42. The hospital filed a motion to dismiss, arguing that the claim was filed after the expiration of the GTLA statute of

limitations. The plaintiffs asserted that they were entitled to the 120-day extension provided in Tennessee Code Annotated Section 29-26-121(c). The trial court denied the motion to dismiss, but granted an interlocutory appeal. The Court of Appeals also granted an interlocutory appeal but affirmed the judgment of the trial court. The Tennessee Supreme Court thereafter granted permission to appeal and reversed both the Court of Appeals and the trial court. *Id.*

In reaching its decision, the Court explained that the issue involved "the interplay between the GTLA and Tennessee Code Annotated section 29-26-121 . . . [and] whether Tennessee Code Annotated section 29-26-121(c) operates to extend the statute of limitations by an additional 120 days in Mr. and Mrs. Cunningham's case, which is governed by the GTLA." *Cunningham*, 405 S.W.3d at 43. The Court first concluded that both statutes were clear and unambiguous:

> The GTLA provides general immunity to governmental entities causing injury to an individual during the exercise or discharge of their duties. Tenn. Code Ann. § 29-20-201(a) (2012). Immunity is removed, however, when injuries are caused by the negligence of government employees acting within the scope of their employment. Tenn. Code Ann. § 29-20-205 (2012). Because waiver of immunity is in derogation of the common law, any claim for damages brought under the GTLA must be "in strict compliance with the terms" of the statute. Tenn. Code Ann. § 29-20-201(c); *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001). Accordingly, the GTLA statute of limitations, which provides that suits against a governmental entity "must be commenced within twelve (12) months after the cause of action arises," requires strict compliance. Tenn. Code Ann. § 29-20-305(b).
>
> The second statute at issue in this case is Tennessee Code Annotated section 29-26-121, which is part of the Tennessee Medical Malpractice Review Board and Claims Act ("Medical Malpractice Act").[3] Tenn. Code. Ann. §§ 29-26-115 to -122 (2000 & Supp. 2010). Section 121(a) requires any person asserting a potential medical malpractice claim to provide notice to each health care provider at least sixty days before filing a

---

[3] The Medical Malpractice Act has since been amended to remove the term medical malpractice and instead replace it with "health care liability." As such, the act is now referred to as the Health Care Liability Act, or HCLA. The amendments, and their timing, are directly at issue in this case.

complaint. Tenn. Code Ann. § 29-26-121(a). When the sixty-day notice is provided, the "applicable statutes of limitations and repose shall be extended [120 days] from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Tenn. Code Ann. § 29-26-121©.

*Cunningham*, 405 S.W.3d at 43–44.

The Court next considered its previous Opinions "examin[ing] asserted conflicts between provisions of the GTLA and other rules or statutes of general application." *Id.* at 44. In general, the Court noted that it generally held that statutes of "general application" that conflict with a provision of the GTLA shall not apply to cases brought under the GTLA unless the General Assembly expressly states its intent that the general statute should apply to GTLA cases. *Id.* at 45 (citing *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001)). For example, in *Lynn*, the Tennessee Supreme Court held that the general savings statute was "inapplicable to GTLA claims because the general savings statute did not contain specific language requiring an extension of the GTLA statute of limitations." *Cunningham*, 405 S.W.3d at 45 (citing *Lynn*, 63 S.W.3d at 337). Thus, the Court explained: "In the absence of specific statutory language permitting extension of the GTLA statute of limitations, we have held that statutory provisions inconsistent with the GTLA may not extend the applicable statute of limitations period." *Cunningham*, 405 S.W.3d at 45 (citing *Lynn*, 63 S.W.3d at 337).

The Tennessee Supreme Court in *Cunningham* concluded that the conflict at issue was similar to the conflict presented in *Lynn*:

> Like the general statutory provision in *Lynn*, section 29-26-121(c) is inconsistent with the statute of limitations provided by the GTLA and therefore must expressly state the legislature's intent to apply the provision to cases brought under the GTLA. Although the 2009 amendment to the Medical Malpractice Act "applies to all medical malpractice actions," this language does not reference the applicability of the Medical Malpractice Act to actions governed by the GTLA. The language of section 29-26-121(c) fails to evince an express legislative intent to extend the statute of limitations in GTLA cases.

*Cunningham*, 405 S.W.3d at 45–46 (footnote omitted). Accordingly, the Tennessee Supreme Court held that because Tennessee Code Annotated Section 29-26-121 did not expressly state that the extension on the statute of limitations would apply to actions against governmental

entities under the GTLA, the extension did not apply to claims brought under the GTLA. *See Id.* at 46 ("In light of th[e] presumption [that the General Assembly is aware of the courts' prior decisions], it is reasonable to conclude that by choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations.").

The Court noted, however that a recent amendment to the statutory scheme could change the outcome in future cases. As explained by the Court:

> The General Assembly amended the Medical Malpractice Act in 2011 to modify the definition of "health care liability action" to include "claims against the state or a political subdivision thereof." Act of May 20, 2011, ch. 510, § 8, 2011 Tenn. Pub. Acts. 510, 1506 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)). The 2011 amendment became effective on October 1, 2011, after Mr. and Mrs. Cunningham filed their claim. Act of May 20, 2011, ch. 510, § 24, 2011 Tenn. Pub. Acts. 510, 1514. The 2011 amendment does not apply retroactively in this case. *See In re D.A.H.*, 142 S.W.3d 267, 273–74 (Tenn. 2004) (explaining that all statutes are presumed to apply prospectively unless otherwise stated but procedural or remedial statutes that do not affect vested rights may apply retrospectively). Because the 2011 amendment is not at issue in this case, we will await a more appropriate case in which to determine whether the language of the 2011 amendment clearly expresses a legislative intent to extend the statute of limitations in GTLA cases.

*Cunningham*, 405 S.W.3d at 45 n.2. Thus, the Tennessee Supreme Court indicated that the October 1, 2011 amendment to Tennessee Code Annotated Section 29-26-101 to define a "health care liability action" to include "claims against the state or a political subdivision thereof" may change the analysis as to whether a plaintiff may rely on Tennessee Code Annotated Section 29-26-121(c) to extend the statute of limitations in actions brought pursuant to the GTLA.

Since the decision in *Cunningham*, two cases from this Court have considered the issue of whether a medical malpractice plaintiff filing suit after October 1, 2011, may rely on an extension of the GTLA statute of limitations. *See Banks v. Bordeaux Long Term Care*, No. M2013-01775-COA-R3-CV, 2014 WL 6872979 (Tenn. Ct. App. Dec.4, 2014)

(involving a complaint filed in March 2013 concerning allegedly negligent treatment occurring between May 2011 and January 2012); **Harper v. Bradley County**, No. E2014-00107-COA-R9-CV, 2014 WL 5487788 (Tenn. Ct. App. Oct. 30, 2014), *perm. app. filed* (involving a complaint filed in February 2013 concerning allegedly negligent treatment occurring in November 2011). In both cases, this Court has concluded that the amendment to Tennessee Code Annotated Section 29-26-101(a)(1) required that courts provide plaintiffs with a 120-day extension to the GTLA statute of limitations when the plaintiff complies with the Tennessee Code Annotated Section 29-26-121 notice requirements. *See Banks*, 2014 WL 6872979, at *4; **Harper**, 2014 WL 5487788, at *7. Appellees argue, however, that these decisions are "based upon erroneous assumptions as to when the amendment at issue became effective." As such, we turn to the statutes.

On May 20, 2011, the General Assembly passed House Bill Number 2008, to be known as the Tennessee Civil Justice Act. *See* 2011 Tenn. Pub. Acts. 510 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)). Among other things, the Tennessee Civil Justice Act amended Title 29, Chapter 26, Part 1 of the Tennessee Code to add a new section, Tennessee Code Annotated Section 29-26-101. *See* 2011 Tenn. Pub. Acts. 510, § 8. As is relevant to this litigation, Tennessee Code Annotated Section 29-26-101 included the following language:

> (a) As used in this part, unless the context otherwise requires:
>
> (1) "Health care liability action" means any civil action, **including claims against the state or a political subdivision thereof**, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based; . . . .

Tenn. Code Ann. § 29-26-101(a) (2012) (emphasis added). This was the first time the Tennessee Medical Malpractice Act referenced governmental entities as defendants.

The Tennessee Civil Justice Act was approved by the Governor on June 16, 2014. However, the Act specified that it would "take effect [on] October 1, 2011, the public welfare requiring it and shall apply to all liability actions for injuries, deaths and losses covered by this act which accrue on or after such date." 2011 Tenn. Pub. Acts. 510, § 59. Accordingly, the new language only applied to actions that had accrued on or after October 1, 2011.

At the time the amendment to Title 29, Chapter 26, Part 1 went into effect, Tennessee

Code Annotated Section 29-26-121, however, did not include the term "health care liability action[.]" Specifically, with regard to the 120-day extension, the statute states:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for **medical malpractice** shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon **medical malpractice** in any court of this state.
>
> *   *   *
>
> (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for **medical malpractice**, nor shall more than one (1) extension be applicable to any provider. . . .

Tenn. Code Ann. § 29-26-121 (2012) (emphasis added). Instead, the term "health care liability" was not added to Tennessee Code Annotated Section 29-26-121 until nearly seven months later on April 23, 2012, with the passage of House Bill Number 3717. *See* 2012 Tenn. Pub. Acts 798, § 13. The April 2012 amendment specifically states that it takes effect "upon becoming law[.]" 2012 Tenn. Pub. Acts 798, § 59. Accordingly, the amendment to include the term "health care liability action" in the relevant statute took effect on April 23, 2012. Tennessee Code Annotated Section 29-26-121 now states, in pertinent part:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for **health care liability** shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon **health care liability** in any court of this state.

* * *

(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for **health care liability**, nor shall more than one (1) extension be applicable to any provider.

Tenn. Code Ann. § 29-26-121 (Supp. 2014) (emphasis added). Thus, the version of Tennessee Code Annotated Section 29-26-121 in effect on or after April 23, 2012 clearly indicates that the 120-day extension will apply to all health care liability actions, as that term is defined in Tennessee Code Annotated Section 29-26-101(a)(1), in which the plaintiff complies with the pre-suit notice requirements.

Appellees argue that because Tennessee Code Annotated Section 29-26-121 did not use the term "health care liability action" at the time of the allegedly negligent conduct in this case, the definition of a "health care liability action" in Tennessee Code Annotated Section 29-26-101(a)(1) is wholly irrelevant to this case. To quote Appellees' brief, "[t]he definition of a term cannot amend a statute unless the statute actually contains the term in the first place." Both parties appear to assume that the April 23, 2012 amendment to Tennessee Code Annotated Section 29-26-121 is inapplicable to the present case because it went into effect after the allegedly negligent acts at issue took place. *See generally* **Estate of Bell v. Shelby Cnty. Health Care Corp.**, 318 S.W.3d 823 (Tenn. 2010) ("[T]his Court has long recognized that '[t]he rights of the parties [are] fixed under the law as it existed at the time of the injury complained of . . . .'") (quoting **Chicago, St. Louis & New Orleans R.R. v. Pounds**, 79 Tenn. 127, 131 (Tenn. 1883)). Appellants argue, however, that regardless of the timing of the amendment to Tennessee Code Annotated Section 29-26-121, the addition of Tennessee Code Annotated Section 29-26-101(a)(1) evinces a clear intent on the part of the General Assembly to indicate that claims against governmental entities are subject to the procedural requirements and corresponding benefits of the Medical Malpractice Act. We agree.

First, we note that while the term "health care liability action" is not strictly used in the version of Tennessee Code Annotated Section 29-26-121 at issue in this case, the section

-11-

is replete with the term "medical malpractice." Thus, there can be no dispute that the procedural requirements and benefits of Tennessee Code Annotated Section 29-26-121 applied to medical malpractice actions at that time. After the passage of the Tennessee Civil Justice Act, however, the term "medical malpractice" is not defined in Tennessee Code Annotated Section 29-26-101 or elsewhere in the HCLA. This Court, however, applying pre-April 2012 law, defined the term "medical malpractice action" as "any civil action, . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." ***West v. AMISUB (SFH), Inc.***, No. W2012-00069-COA-R3-CV, 2013 WL 1183074, at *5 (Tenn. Ct. App. March 21, 2013). This definition is nearly identical to the definition of a "health care liability action" found in Tennessee Code Annotated Section 29-26-101(a)(1). Additionally, the definition of "health care liability action" is very broad, applying to "any" claim against a health care provider for professional negligence. Clearly, that definition would encompass a medical malpractice claim. *See also Black's Law Dictionary* 1044–45 (9th ed. 2009) (defining "medical malpractice" as "[a] doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances"). Accordingly, we agree with Appellants that regardless of the actual use of the term "health care liability action" in Tennessee Code Annotated Section 29-26-121, as it existed on October 11, 2011, we conclude that the terms "health care liability action" and "medical malpractice action" are synonymous and interchangeable. Accordingly, we can consider the definition of a "health care liability action" in determining whether the General Assembly expressed a clear intent to apply the medical malpractice notice requirements and corresponding benefits to claims against governmental entities.

Moreover, it is a well-settled rule of statutory interpretation that in order to ascertain and give effect to the legislative intent, courts must consider the words used in a statute "in the context of the entire statute" and "presume that the General Assembly intended to give each of these words its full effect." ***Lovlace v. Copley***, 418 S.W.3d 1, 18 (Tenn. 2013) (quoting ***Garrison v. Bickford***, 377 S.W.3d 659, 663 (Tenn. 2012)). Further, we presume that "every word in a statute has meaning and purpose." ***In Re C.K.G.***, 173 S.W.3d 714, 722 (Tenn. 2005). From our research, the terms "health care liability" or "health care liability action" are not used in Title 29, Chapter 26, Part 1, except in Tennessee Code Annotated Section 29-26-101(a)(1). If we were, thus, to confine the term to only its express use, our interpretation would result in the term having no effect on the statute. Further, pursuant to the plain language of the Tennessee Civil Justice Act, the General Assembly intended that the newly enacted definition of "health care liability action" should have effect on "all liability actions" that accrued on or after October 1, 2011. 2011 Tenn. Pub. Acts. 510, § 59. Under Appellees' interpretation of the statute, however, this provision would have no effect, except for cases that accrued on or after April 23, 2012. Clearly, the General Assembly did

not intend this result. As such, to credit Appellees' interpretation would be contrary to our clear directive to interpret a statute so that every word or provision has meaning and purpose.

We note that while this exact argument does not appear to have been raised in this Court prior to this case, our decision is in line with other decisions of this Court that have applied the new definition of "health care liability action" to similarly timed claims. As previously discussed, two recent decisions from this Court considered the issue of whether the Tennessee Civil Justice Act's inclusion of "claims against the state or a political subdivision thereof" in Tennessee Code Annotated Section 29-26-101(a)(1) indicates a clear intent on the part of the General Assembly to extend the GTLA statute of limitations through compliance with Tennessee Code Annotated Section 29-26-121. In both cases, the allegedly negligent conduct occurred after October 1, 2011, the effective date of the Tennessee Civil Justice Act, but prior to April 23, 2012, the effective date of the amendment to Tennessee Code Annotated Section 29-26-121. *See **Banks***, 2014 WL 6872979, at *2–3 (Tenn. Ct. App. Dec.4, 2014) (involving a complaint filed in March 2013 concerning allegedly negligent treatment occurring between May 2011 and January 2012); ***Harper***, 2014 WL 5487788, at *5–7 (involving a complaint filed in February 2013 concerning allegedly negligent treatment occurring on or around November 2011). Thus, this case and both ***Banks*** and ***Harper*** involve claims that accrued in the same transitionary period.

Furthermore, the reasoning in both cases regarding the applicability of the term "health care liability action" to the pre-April 2012 version of Tennessee Code Annotated Section 29-26-121 is consistent with the decision in this case. In ***Harper***, the Court focused not on the express use or non-use of the term "health care liability" in Tennessee Code Annotated Section 29-26-121 at the time of the accrual of the action, but on the statute's repeated use of the term "health care provider" to describe the defendant in the action. ***Harper***, 2014 WL 5487788, at *6 ("Section 121(a)(1) requires pre-suit notice 'to each **health care provider** that will be a defendant.' Section 121(c) provides that '[w]hen notice is given to a **provider** as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that **provider**.'") (original emphasis omitted) (emphasis added); *see also **Banks***, 2014 WL 6872979, at * 3 (citing the above language from ***Harper***)  As previously discussed, Tennessee Code Annotated Section 29-26-101(a)(1) defines a health care liability action as **any** action that involves the failure of a health care provider to provide appropriate health care services, "regardless of the theory of liability on which the action is based." Because Tennessee Code Annotated Section 29-26-121 expressly contemplates an action against a health care provider related to the rendition of health care services, it clearly contemplates the filing of a "health care liability action," and the definition of that term is clearly relevant to any discussion of the requirements and benefits of Tennessee Code Annotated Section 29-26-121.

Finally, even if we were to conclude that the General Assembly's failure to utilize the term "health care liability action" in Title 29, Chapter 26, Part 1, other than in section 101 created an ambiguity or a conflict, the Tennessee Civil Justice Act evinces a legislative intent that "health care liability action" be synonymous with medical malpractice. The Tennessee Supreme Court has indicated that when an ambiguity or conflict exists in a statute, courts may consider "matters other than the statutory language—such as the broader statutory scheme, the history and purpose of the legislation, public policy, historical facts preceding or contemporaneous with the enactment of the statute, earlier versions of the statute, the caption of the act, and the **legislative history of the statute**—to discern the legislature's intent. *Womack v. Corrections Corp. of America*, --- S.W.3d ----, 2014 WL 4670807, at *3 (Tenn. 2014) (emphasis added) (citing *Pickard v. Tennessee Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013)). Here, House Bill Number 2008 states that: "The code commission is requested to delete the terms 'malpractice,' 'medical malpractice,' 'malpractice action,' and 'medical malpractice action' wherever they appear in Tennessee Code Annotated and substitute instead the term 'health care liability' or 'health care liability action' as applicable." 2011 Tenn. Pub. Acts. 510, § 9; *see also* Bryan Garner, A Modern Legal Dictionary 848 (2d ed. 1995) (defining "substitute" as to put a person or thing in place of another" or "to supply an equivalent of"). Accordingly, to the extent that any ambiguity or conflict is created, the Tennessee Civil Justice Act resolves this ambiguity in favor of a conclusion that "health care liability action" be considered equivalent to and synonymous with "medical malpractice" as that term is used throughout Title 29, Chapter 26, Part 1. Therefore, we may consider the definition of "health care liability action" in order to determine if the General Assembly expressed a clear intent to apply the 120-day extension found in Tennessee Code Annotated Section 29-26-121(c) to claims brought pursuant to the GTLA.

Appellees next argue that even considering the language of Tennessee Code Annotated Section 29-26-101(a)(1), there has been no clear expression from the General Assembly that the 120-day extension of the applicable statute of limitations provided in Tennessee Code Annotated Section 29-26-121(c) applies in claims brought pursuant to the GTLA. We agree that in order for the GTLA statute of limitations to be extended through compliance with Tennessee Code Annotated Section 29-26-121(c), the General Assembly's intent to do so "must be expressly stated in the text of the statutory provision." *Cunningham*, 405 S.W.3d at 45. We disagree, however, that the language of Tennessee Code Annotated Section 29-26-101(a)(1) does not provide this clear expression.

As previously discussed, two recent decisions from the Middle and Eastern Sections of this Court have held that the language in Tennessee Code Annotated Section 29-26-101(a)(1) is clear evidence of the General Assembly's intent to extend the GTLA statute of limitations through compliance with the health care liability pre-suit notice requirements. As

explained by the Eastern Section in ***Harper***:

> The 2011 amendment expressly clarifies that governmental entities are included as "health care providers" and that "health care liability actions" governed by the HCLA include claims against "the state or a political subdivision thereof." While it does not mention the GTLA, the language employed by the legislature clearly expresses that GTLA defendants are within the ambit of the HCLA. One such provision is the 60-day pre-suit notice requirement. Tenn. Code Ann. § 29-26-121. Section 121(a)(1) requires pre-suit notice "to each health care provider that will be a defendant." Section 121(c) provides that "[w]hen notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." (Emphasis added). The Supreme Court has recently stated that "[c]learly, the General Assembly enacted the 120-day extension to offset the obligation to give pre-suit notice at least 60 days prior to filing a complaint." ***Rajvongs v. Wright***, 432 S.W.3d 808, 813–14 (Tenn. 2013).

***Harper***, 2014 WL 5487788, at *6. To support its conclusion, the ***Harper*** Court considered another recent string of cases involving the extension of the GTLA statute of limitations with regard to comparative fault and joinder. According to the Court:

> The Court of Appeals' decision in ***Daniel v. Hardin Cnty. Gen'l Hosp.***, 971 S.W.2d 21 (Tenn. Ct. App. 1997), and the General Assembly's legislative response to that decision, is instructive in the present case. In ***Daniel***, we addressed "whether the twelve month limitation for bringing suit against a governmental entity pursuant to [the GTLA] can be extended by T.C.A. § 20-1-119," the comparative fault statute. 971 S.W.2d at 24. We answered in the negative, noting that "[t]he legislature could have made T.C.A. § 20-1-119 applicable to the [ ]GTLA, however, it has chosen not to do so." ***Id.*** at 25. The General Assembly subsequently amended Tenn. Code Ann. § 20-1-119 to include subsection (g), which provides that "[n]otwithstanding any law to the contrary, this section applies

to suits involving governmental entities." The Supreme Court later recognized that this language was sufficient to evince an intent to extend the GTLA's 12-month statute of limitations in appropriate comparative fault cases, stating as follows:

> More directly applicable are the intermediate court's holdings concerning the comparative fault joinder provision, Tenn. Code Ann. § 20-1-119 (1999). This statute applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, after the statute of limitations has expired, that a nonparty caused or contributed to the plaintiff's injury. The statute provides:
>
>> [I]f the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either: "(1) Amend the complaint . . . pursuant to Rule 15 ...; or (2) Institute a separate action against that person. . . ."
>
> Tenn. Code Ann. § 20-1-119(a). In **Daniel v. Hardin County Gen. Hosp.**, the Court of Appeals concluded that the GTLA precluded application of this joinder provision to governmental entities because doing so effectively would extend the twelve-month statute of limitations period. 971 S.W.2d 21, 25 (Tenn. Ct. App. 1997). In so holding, the court noted that the statute appeared to evince a legislative intent not to allow joinder of governmental entities, noting, "The legislature could have made [Tenn. Code Ann.] § 20-1-119 applicable to the [GTLA], however, it has chosen

-16-

not to do so." *Id.* In the wake of *Daniel*, however, the legislature has amended the joinder statute to explicitly provide that "[n]otwithstanding any provision of law to the contrary, this section applies to suits involving governmental entities." Tenn. Code Ann. § 20-1-119(g) (amendment effective June 15, 1999). Given the legislature's reaction to *Daniel*, we find reference to the analysis of that case unpersuasive. To the contrary, the legislature's amendment of the joinder statute supports the proposition that governmental entities should be treated, for the purposes of Rule 15.03, like any other party.

*Doyle v. Frost*, 49 S.W.3d 853, 860 (Tenn.2001). The General Assembly's amendment to the comparative fault joinder statute, Tenn. Code Ann. § 20-1-119, did not specifically refer to either the GTLA or its 12-month statute of limitations. The same is true with respect to the language in the 2011 amendment at issue here. Both amendments explicitly make reference to governmental entities, clarifying that a statutory scheme is applicable to a governmental entity—a potential GTLA defendant. The Supreme Court's recognition in *Doyle* that the legislature's response to *Daniel* was sufficient to allow enlargement of the GTLA statute of limitations in comparative fault situations thus supports our conclusion that the legislature evinced a similar intent here.

*Harper*, 2014 WL 5487788, at *6–*7.

The Court, thus, concluded that the General Assembly's decision to include in Tennessee Code Annotated Section 29-26-101(a)(1) an express statement that claims against "the state or a political subdivision thereof" are included in the definition of a "health care liability action" was sufficiently clear to show that the General Assembly intended the provision contained in section 29-16-121(c) to apply to claims filed under the GTLA:

We hold that the 2011 amendment, now codified at Tenn. Code Ann. § 29-26-101, clearly expresses a legislative intent to extend the statute of limitations in GTLA cases where the

-17-

plaintiff has met the procedural requirements of the HCLA. This construction comports with notions of fundamental fairness and justice, and also with the Supreme Court's often-repeated "established view that disfavors the doctrine of sovereign immunity as applied to local governments." *Lucius*, 925 S.W.2d at 526; *see also* *Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 605–06 (Tenn. 1987), *abrogated on other grounds by* *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 83 (Tenn. 2001), (stating that the Court "does not regard with favor the doctrine of sovereign immunity as applied to municipal or county governments"); *Johnson v. Oman Constr. Co.*, 519 S.W.2d 782, 786 (Tenn. 1975) ("This Court does not regard with favor the doctrine of sovereign immunity as applied to municipal or county governments.").

*Harper*, 2014 WL 5487788, at *7.

Similarly, in *Banks*, the Middle Section of this Court also held that the inclusion of claims against "the state or a political subdivision thereof" in the definition of a health care liability action was clear evidence of the General Assembly's intent to apply the benefits and burdens of Tennessee Code Annotated Section 29-26-121 to claims brought under the GTLA. *Banks*, 2014 WL 6872979, at **3–*4. The *Banks* court stated that *Harper* constituted "a well-reasoned construction of the effect of the 2011 amendments to the HCLA" and concurred in both its reasoning and conclusion. *Id.* at *4.

We agree with the Courts in both *Harper* and *Banks*. The General Assembly's decision to enact Tennessee Code Annotated Section 29-26-101(a)(1) and to provide that health care liability actions governed by Title 29, Chapter 26, Part 1 would include claims against "the state or a political subdivision thereof" evinces the clear intent of the General Assembly to apply Tennessee Code Annotated Section 29-26-121's requirements to claims against governmental entities brought pursuant to the GTLA. Indeed, because Tennessee Code Annotated Section 29-26-101(a)(1)'s definition of "health care liability action" was enacted months prior to the substitution of that term for "medical malpractice" throughout the HCLA, we can discern no other purpose for creating this expansive definition of "health care liability action" at the time it was approved, other than to clarify that claims pursuant to the GTLA will be governed by the HCLA. *See* *In Re C.K.G.*, 173 S.W.3d at 722 (requiring courts to presume that every word in a statute has meaning and purpose). Additionally, language similar to the language employed by Tennessee Code Annotated Section 29-26-101(a)(1) has been held by the Tennessee Supreme Court to constitute sufficient clarity to extend the GTLA statute of limitations in other cases. *See* *Doyle*, 49 S.W.3d at 860. Finally,

the Tennessee Supreme Court has indicated that when the notice provisions apply, those requirements are "offset" by the 120-day extension to the statute of limitations. ***Rajvongs***, 432 S.W.3d at 813–14. Because Tennessee Code Annotated Section 29-26-101(a)(1) clearly provides that the requirements of Title 29, Chapter 26, Part 1 apply to claims against governmental entities, plaintiffs in those cases who comply with the pre-suit notice requirements are entitled to the corresponding extension of the GTLA statute of limitations.

In this case, there appears to be no dispute that the Appellants complied with the pre-suit notice provisions of Tennessee Code Annotated Section 29-26-121. Accordingly, they were entitled to a 120-day extension on the GTLA statute of limitations. Appellants' complaint was, therefore, timely filed, and the trial court erred in granting summary judgment to Appellees on this issue.

## Conclusion

The judgment of the Circuit Court of Madison County is reversed, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellees Armie Walker, M.D., and Jackson-Madison County General Hospital District, for which execution may issue if necessary.

_____

J. STEVEN STAFFORD, JUDGE